Floyd HARRIS and Doretha Harris, Appellants,

v.

ZURICH INSURANCE COMPANY, Appellee.

No. 75–1111.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1975.

Decided Dec. 15, 1975.

Claude Hanks, Clayton, Mo., for appellants.

Daniel T. Rabbitt, St. Louis, Mo., for appellee.

Before CLARK,* Associate Justice, and LAY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Floyd and Doretha Harris brought this diversity action to recover proceeds on a fire insurance policy by reason of the destruction by fire of their residence in St. Louis, Missouri. The policy was issued by Zurich Insurance Company, which denied the claim on the grounds that the loss was caused by arson committed by the policyholders. The case was submitted to a jury which found, as a matter of fact, that Floyd Harris intentionally set fire to the insured property. Accordingly, the district court entered judgment for the defendant. Plaintiffs appeal. We affirm.

On October 11, 1972, the Harris home was destroyed by fire. The parties agreed that the policy was in effect at the time of the fire and that the amount of damage exceeded the policy limits. The critical issue at trial was whether the fire was intentionally set by the insured.

On this appeal, plaintiffs assign error in the following respects: 1) sufficiency of the evidence; 2) refusal by the trial court to grant a mistrial; and 3) prejudicial argument on the part of defense counsel. We discuss these points seriatim.

*I. Sufficiency of the Evidence.*

At trial, plaintiffs' counsel did not move for a directed verdict or for judgment notwithstanding the verdict. Under such circumstances, we are generally powerless to review the sufficiency of the evidence except for plain error. *See Karjala v. Johns-Manville Products Corp.*, 523 F.2d 155 (8th Cir., 1975); *A. B. McMahan Co. v. Amphenol Corp.*, 443 F.2d 1072, 1075 (8th Cir. 1971); 5A J. Moore, Federal Practice ¶ 50.05[1], at 2341–2342 (2d ed. 1975). However plaintiffs' counsel did file a motion for a new trial on grounds of insufficiency of the evidence. The motion was denied and plaintiffs assigned this denial as error in their notice of appeal. This affords us an opportunity to determine whether the district court abused its discretion in denying the motion for new trial on the grounds of in-

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

sufficient evidence.[1] We find no abuse of discretion.

The clear weight of the evidence showed that the fire was caused by arson. The fire was officially designated as an arson fire by the Bomb and Arson Squad of the St. Louis Police Department. There was strong evidence that accelerants (e. g. gasoline and kerosene) were used to fuel the fire. Fire investigators detected the odor of gasoline in the basement of the home. The investigators found charring patterns on the floor of the basement and main floor as well as on the ceiling. Certain metals in the home were melted which indicated to the investigators that the fire was hotter than one fueled by paper and wood. Coleman fuel cans were found in the basement with holes punched in them.[2]

Furthermore, there was evidence that the destruction was caused by two separate fires which lacked continuity with each other. Arthur Newman, Fire Marshal of the City of St. Louis, testified that considerable burning occurred on the ceiling of the main floor and in the basement. However there was no indication, according to Newman, that the fire in the main floor ceiling area radiated downward. Moreover, no burning embers or heavy burning timbers had settled on the floor between the ceiling and basement. Captain Daniel Austin of the St. Louis Fire Department corroborated Chief Newman's testimony and stated that, "[u]sually more than one fire indicates a deliberately set fire." Significantly, even the plaintiffs' expert could not eliminate the possibility that the fire was intentionally set.

There was also circumstantial evidence which tended to show that Harris was responsible for the fire, although no direct evidence was presented in this regard. Harris was at home until a short time before the fire. Immediately before the fire, he left the house on a short errand, locking the premises before he departed. Harris testified at trial that no one had a key to the house other than members of his family. There were, however, no signs of forced entry.

Evidence was introduced which showed that the Harris residence was overinsured by at least $10,000, assuming that the home was in excellent condition. Other evidence, including testimony that the garage was separating from the main structure, showed that the home was in less than excellent condition before the fire.

There was substantial evidence which showed that the Harrises were encountering financial difficulties at the time of the fire. Mr. Harris was considerably in debt to the City of St. Louis for real estate taxes owing by virtue of his various real property holdings. He owed approximately $3,800 in taxes on the property in question and considerably more on other property. At the time of the fire, Harris had virtually no money in his bank account and was delinquent in repaying $3,500 which he had borrowed from his bank.

The company also introduced evidence that another home owned by Harris had burned in November, 1971. Harris collected insurance proceeds on this occasion although the fire was classified as arson by the Bomb and Arson Squad.

At trial, Harris denied that he intentionally set the fire. On the morning of the fire he hired a man to perform certain construction work which required

---

1. We are not technically reviewing the sufficiency of the evidence.

   Rather, we are reviewing whether the district judge has abused his judicial discretion in denying a new trial or whether as a matter of law the denial of a new trial was erroneous because there was an "absolute absence of evidence to support the jury's verdict." (Citation omitted.)

*Urti v. Transport Commercial Corp.*, 479 F.2d 766, 769 (5th Cir. 1973).

2. Coleman fluid is highly volatile and readily vaporizes at room temperatures. Therefore, holes are commonly punched in Coleman cans before the fluid is poured in order to prevent the vapors from coming into contact with clothing.

the use of propane tanks. Harris theorized that leaking gas from one of the tanks caused an explosion which set fire to the house. Fire investigators found no indication that an explosion had occurred however. Harris also claimed that after discovering the fire he went into the house and recovered a large sum of money located therein.

Harris' actions immediately before the fire were suspicious. As heretofore indicated, just before the fire he departed for a hardware store ostensibly to purchase, among other things, a bar of lead for Dodson, the construction worker. The evidence shows, however, that he returned without purchasing the lead.

■ Arson cases are notoriously difficult to prove. *Boone v. Royal Indemnity Co.*, 460 F.2d 26, 29 (10th Cir. 1972). The evidence summarized above, with permissible inferences, shows arson, ample motive and opportunity on the part of Harris, and inculpating circumstances which are relatively strong. *Id.* Under the circumstances, we find that the trial court did not abuse its discretion in denying the motion for a new trial.

## II. Refusal to Grant a Mistrial.

Plaintiffs next argue that the district court erred in refusing to grant a mistrial after defense counsel attempted to elicit certain inadmissible hearsay evidence from Detective O'Connor of the Bomb and Arson Squad. Defense counsel questioned O'Connor about an anonymous phone call made to the Bomb and Arson Squad which allegedly implicated Harris in the arson. The evidence was excluded and the jury was admonished to disregard all questions relating to the anonymous phone call.[3]

■ A question of counsel which conveys improper information to the jury and which prejudices the opposing litigant generally entitles the aggrieved party to a new trial. *Chicago, Burlington & Quincy R. R. v. Kelley*, 74 F.2d 80, 86 (8th Cir. 1934). However the trial court is, of necessity, clothed with a great deal of discretion in determining whether an objectionable question is so prejudicial as to require a retrial. *National Life & Accident Insurance Co. v. Graham*, 301 F.2d 439, 441–442 (8th Cir. 1962).

> Courts should exercise great caution in setting aside judgments because of inadvertent remarks made by litigants or counsel during a hotly contested trial, even though improper, unless it clearly appears that they aroused the sympathy or prejudice of the jury and influenced the verdict.

*Chicago & North Western Ry. v. Kelly*, 74 F.2d 31, 35 (8th Cir. 1934). *Accord, Sheffield Steel Corp. v. Vance*, 236 F.2d 928, 933 (8th Cir. 1956); *Thomson v. Boles*, 123 F.2d 487, 495 (8th Cir. 1941), *cert. denied*, 315 U.S. 804, 62 S.Ct. 632, 86 L.Ed. 1204 (1942); *Julander v. Ford Motor Co.*, 488 F.2d 839, 842 (10th Cir. 1973). We perceive strong reasons for this limited standard of review. The trial court is in a far better position to measure the effect of an improper question on the jury than an appellate court which reviews only the cold record. *National Life & Accident Insurance Co. v. Graham, supra*, 301 F.2d at 442.

> From time to time it has been the duty of the attorneys to make objections and my duty as Judge to rule on those objections and whether you can consider certain evidence. You must not concern yourself with the objections or the Court's reasons for these rulings and you must not consider testimony or exhibits to which an objection was sustained or which has been ordered stricken.

---

**3.** The trial judge admonished the jury in the following manner:

> Members of the jury, the Court will exclude from the record the questions relating to this anonymous phone call and the Court is not going to permit testimony concerning what the anonymous phone call is for the reason that it is hearsay and that the identity of the person is not known, and accordingly, you may disregard it. Proceed.

At the close of evidence, the trial judge again admonished the jury to disregard excluded testimony. He stated:

Our independent review of the record convinces us that counsel's questions, although clearly improper, were not prejudicial and did not render the trial unfair. The defendant presented a good deal of circumstantial evidence, discussed *supra*, which showed that Harris intentionally set fire to his home. Defense counsel did not engage in a continuing pattern of misconduct. This line of questioning was only an isolated instance of improper conduct. The action of the trial court in sustaining plaintiffs' objection and carefully admonishing the jury to disregard the questions together with his later instruction to the jury was sufficient under the circumstances. *See Affleck v. Chicago & Northwestern Ry.*, 253 F.2d 249, 250 (7th Cir. 1958). We cannot say that the trial court abused its discretion in denying the motion for mistrial.

### III. Prejudicial Argument.

Plaintiffs argue that certain remarks of defense counsel in opening argument constituted prejudicial error. Defense counsel stated: "[o]ur evidence will show that Mr. Harris had had previous arson fires where he had collected money from insurance companies under the same or similar circumstances as this particular fire, * * *." Plaintiffs complain that proof of only one prior arson fire was offered by the defendant.

This issue was never raised in the trial court. It is fundamental that, "[t]his Court will refuse to consider a question which is raised for the first time on appeal and which was never presented to, or passed upon by the trial court." *Ludwig v. Marion Laboratories, Inc.*, 465 F.2d 114, 117 (8th Cir. 1972). Thus the question of prejudicial argument is not properly before us.

Even assuming, *arguendo*, that plaintiffs had presented the question to the court below, we would find no error. Defendant proved that Harris had previously collected insurance proceeds by reason of a fire which was classified as arson by the local authorities. Thus the remark was not clearly improper.

The judgment of the district court is affirmed.