Florence KRUEGER, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellee.

No. 82–1454.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1983.

Decided May 4, 1983.

Morganstern, Drumm, Soraghan, Snyder, Stockenberg & McKitrick by Joseph R. Soraghan, Barbara Blee Maille, St. Louis, Mo., for appellant.

Kortenhof & Ely, Ben Ely, Jr., John G. Enright, St. Louis, Mo., for appellee.

Before ROSS and FAGG, Circuit Judges, and BEAM,* District Judge.

BEAM, District Judge.

This diversity action was originally filed in the Circuit Court of the City of St. Louis, and was subsequently removed to the United States District Court for the Eastern District of Missouri, Eastern Division.[1] 28 U.S.C. §§ 1441 and 1446.

The action involved a wrongful death claim by plaintiff-appellant, Florence Krueger, against defendant-appellee, State Farm Automobile Insurance Company (State Farm). Appellant alleged that the death of her husband, Joseph Krueger, was

---

* C. Arlen Beam, United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable William L. Hungate was originally assigned the case. However, a jury trial was conducted, upon consent of the parties, by Magistrate William S. Bahn. 28 U.S.C. § 636(c)(1).

proximately caused by the negligent operation of a motor vehicle by Gladys Batchman, an uninsured motorist at the time of the accident. Therefore, appellant's claim arose under the "uninsured motorist" provision of Joseph Krueger's automobile insurance policies with State Farm.

The case was submitted to the jury under theories of negligence and the so-called humanitarian doctrine. The jury rendered its verdict in favor of appellee State Farm, and judgment was entered thereon. Appellant's motion for new trial was denied, and a notice of appeal was filed on April 9, 1982.[2]

*Facts*

On April 16, 1979, in the early afternoon, Florence and Joseph Krueger were driving in a westerly direction on Missouri State Highway 50, at a point near Union, Missouri. As they approached their home, located on the south side of Highway 50, Mrs. Krueger, who was driving the automobile, noticed that a pick-up truck was parked in their driveway. She therefore pulled her car off the roadway and onto the north shoulder of the highway, just west of the driveway.

The pick-up truck in the driveway was occupied by Anthony Castelli, who had stopped by the Krueger house to discuss the purchase of hay with Mr. Krueger.

Once Florence Krueger had stopped her vehicle, Joseph Krueger exited and walked around the back of the car in order to proceed across Highway 50 to speak to Mr. Castelli.

At that particular location, Highway 50 consists of two, twelve-foot wide travel lanes running east and west. There is also a center left-turn lane and two ten-foot wide shoulders.

At this same time, Gladys Batchman was driving her car in an easterly direction on Highway 50 at a rate of speed of approximately 50 to 55 miles-per-hour. Miss Batchman first noticed Mr. Krueger on the opposite shoulder of the road standing behind his car. At this point, she was approximately 439 feet from him.

Soon after seeing Mr. Krueger, Gladys Batchman took her foot off of her vehicle's accelerator. At about the same time, Mr. Krueger began to proceed, on foot, across the westbound lane, stopping in the center turn lane. He then began to run across the eastbound lane after looking straight at Miss Batchman's vehicle. At the time he started across the eastbound lane, the Batchman vehicle was approximately 150 feet away. Mr. Krueger ran into the path of the Batchman vehicle and was impinged thereby. Miss Batchman applied her brakes either simultaneously with, or immediately after the impact. Mr. Krueger died soon thereafter as a result of the injuries he sustained.

Appellant raises two issues on appeal: (1) that the trial court erred in denying her motion for new trial, and in ruling that the jury verdict was supported by substantial evidence; and (2) that the trial court erred in refusing to allow witness Anthony Castelli to testify as to Miss Batchman's ability to avoid the accident.

*Motion for New Trial*

■ Appellee correctly argues that appellant may not ask this Court to review the sufficiency of the evidence since appellant did not move for a directed verdict at the close of evidence, nor did she move for the entry of judgment notwithstanding the verdict subsequent to the return of the verdict.

In *Harris v. Zurich Insurance Co.,* 527 F.2d 528 (8th Cir.1975), this Court, dealing with a similar issue, held:

At trial, plaintiffs' counsel did not move for a directed verdict or for judgment notwithstanding the verdict. Under such circumstances, we are generally powerless to review the sufficiency of the evidence except for plain error. However, plaintiffs' counsel did file a motion for a new trial on grounds of insufficiency of the evidence. The motion was denied and plaintiffs assigned this denial as error in their notice of appeal. This affords

---

**2.** Direct appeal to this Court was taken, pursuant to 28 U.S.C. § 636(c)(3).

us an opportunity to determine whether the district court abused its discretion in denying the motion for new trial on the grounds of insufficient evidence.

527 F.2d at 529–30 (citations and footnote omitted). This position was reinforced by the recent decision in *Myers v. Norfolk Livestock Market,* 696 F.2d 555 (8th Cir. 1982). In *Myers,* the defendant did not move for directed verdict at the close of the evidence. As a consequence, the district court denied a subsequent motion for judgment notwithstanding the verdict and for a new trial. On appeal, the Court held:

> [Defendant] was precluded from presenting its motion for judgment notwithstanding the verdict, and this court may not entertain the claim of insufficient evidence raised therein.

> As indicated, however, . . . [defendant] also relied upon this ground in its motion for new trial, the denial of which was assigned as error in . . . [defendant's] notice of appeal. Therefore, we are free to determine whether the district court abused its discretion in denying that motion.

696 F.2d at 559, *citing Harris v. Zurich Insurance Co., supra.*

In a footnote to *Zurich,* this Court explained the standard of review:

> We are not technically reviewing the sufficiency of the evidence.

> Rather, we are reviewing whether the district judge has abused his judicial discretion in denying a new trial or whether as a matter of law the denial of a new trial was erroneous because there was an "absolute absence of evidence to support the jury's verdict." (Citation omitted).

527 F.2d at 530 n. 1, *citing Urti v. Transport Comm. Corp.,* 479 F.2d 766, 769 (5th Cir. 1973). Therefore, with this standard in mind, we will proceed to consider appellant's allegations of insufficient evidence.

Appellant urges that the trial court abused its discretion in denying her motion for a new trial in the following particulars: (1) that uncontested evidence established that Miss Batchman realized the immediate danger to Mr. Krueger, at a distance of approximately 439 feet when she was travelling 50 to 55 miles-per-hour, and yet she did not stop, swerve, slow and/or sound a warning to avoid the collision; and (2) that uncontested physical evidence by defendant's witness established that the offending automobile stopped 48 feet after the brakes were finally applied (after impact); a distance which, even if increased by the 55 foot "reaction time" distance, was far shorter than the 150 feet between the automobile and the point of impact.

▪ The humanitarian doctrine, under which appellant was proceeding at trial, requires the existence of five elements: (1) that plaintiff's decedent was in a position of immediate danger; (2) that defendant was aware or should have been aware of the plaintiff's position of peril; (3) after receiving such notice, the defendant had the present ability, with the means at hand, to have averted the impending injury without injury to himself or others; (4) that defendant failed to exercise the due care to avert such impending injury; and (5) by reason thereof, the plaintiff's decedent was injured. *Gassiraro v. Merlo,* 589 S.W.2d 632, 634 (Mo.App.1979), *citing Epple v. Western Auto Supply Co.,* 548 S.W.2d 535, 540 (Mo. 1977).

In this case the "position of peril" seems to have been entered by decedent at approximately the time Miss Batchman was 150 feet away from the point of impact.[3]

▪ Appellant argues that Gladys Batchman could have averted the accident in a number of ways. First, she argues that a warning (horn) should have been sounded, given the fact that Joseph Krueger was obviously oblivious to the danger confront-

---

**3.** Appellant argues that the position of peril may have been entered when Miss Batchman saw Mr. Krueger "zig-zagging" across the westbound lane. Whichever version we accept, it is for the jury to determine the reasona-

bleness of Miss Batchman's actions. It cannot be said that there was an absolute absence of evidence to support the jury's verdict, and it, therefore, must be upheld.

ing him. Appellee counters by saying that the warning obviously would have been useless given the fact that Mr. Krueger had looked directly at the Batchman vehicle before crossing. The failure to sound a warning is not alone sufficient to find liability. A plaintiff must also show that the warning would have been sufficient to prevent the accident. *See Vietmeier v. Voss*, 246 S.W.2d 785 (Mo.1952).

Second, appellant argues that Miss Batchman should have swerved to avoid the accident. Appellee counters by pointing to Miss Batchman's testimony that such a maneuver was precluded due to oncoming traffic.

Appellant's third and main argument is that Miss Batchman could have stopped or slowed her car sufficiently to avoid the collision. The crux of this argument seems to be that the measurements in evidence clearly support the position that Miss Batchman could have stopped prior to impact. Appellant argues that the evidence showed that the vehicle stopped within 48 feet of the point of impact. Adding this to the 55 foot reaction time (at 50 miles-per-hour), appellant contends that Miss Batchman clearly could have stopped within 103 feet of her observing decedent's run into her lane, thus avoiding the collision. Appellee, however, states that appellant's argument is without merit for two reasons. First, State Farm contends that the evidence showed that the exact point of impact was never located. Second, it argues that appellant's measurement does not take into consideration the loss of momentum caused by the impact. Therefore, appellee claims that the expert testimony of the state trooper was the evidence relied upon by the jury. That is, that under excellent conditions, a car travelling at 50 miles-per-hour would require a stopping distance of 166 feet (including 55-foot reaction time); and that under good conditions that distance would be 183 feet.

■ Having reviewed the record, we cannot say that the Magistrate abused his discretion in denying the motion for new trial, in that there was ample evidence to support the jury's verdict under both the humanitarian doctrine theory and a simple negligence theory.

*Lay Opinion Testimony*

The second issue raised by appellant deals with the trial court's exclusion of a portion of the testimony of Anthony Castelli, a witness to the collision. Mr. Castelli testified as to his estimate of the distances and speeds involved, but was not allowed to testify as to whether Miss Batchman had enough time to avoid hitting Joseph Krueger once he ran into her lane of traffic. Appellant argues that the Magistrate erred in sustaining appellee's objection to the following question propounded at trial by plaintiff-appellant's counsel: "After you saw Mr. Krueger start to run, did the operator of the car have enough time to stop?" Transcript at 95.[4]

Appellant contends that Mr. Castelli was qualified, pursuant to *Fed.R.Civ.P.* 701, to render such an opinion, and should have been allowed to testify as to his perception of Miss Batchman's ability to avoid hitting Mr. Krueger. Rule 701 provides:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

The trial court sustained the defendant's objection to the question and to the subsequent offer of proof.

■ We decline to reverse here for three reasons. First, although it appears that Mr. Castelli's opinion might have been rationally based on his perceptions, it would not have been helpful to a clear understanding of his testimony or the determination of a

---

4. Thereafter, the plaintiff's attorney made an offer of proof that, if allowed to testify, Mr. Castelli would have opined that Gladys Batchman could have stopped, slowed, or swerved in such a way as to avoid the accident. Transcript at 95–96.

fact in issue. The jury had before it evidence, including testimony by Mr. Castelli, as to the distances, speeds, and conditions which set the stage for the collision.

The Seventh Circuit has held that:

in order to conclude that such testimony is admissible, the court must find that the witness' testimony is based upon his or her personal observation and recollection of concrete facts . . ., and that those facts cannot be described in sufficient detail to adequately convey to the jury the substance of the testimony.

*United States v. Jackson,* 688 F.2d 1121, 1124 (7th Cir.1982) (citations omitted). We find that Mr. Castelli could and did describe the facts of which he was aware to the jury in sufficient detail to adequately convey what he perceived on the afternoon of April 16, 1979. There was no need to provide the jury with a "short-hand rendition" of the total situation, when he could describe the entire situation. *See United States v. Thompson,* 708 F.2d 1294, at 1298 (8th Cir.1983), *reh. denied* (March 14, 1983). His further conclusions would have been superfluous at best.

Second, we note that Rule 701 is designed to give the trial court wide latitude in determining the admissibility of lay opinion testimony. "[H]ow far a witness may go in stating an opinion or conclusion is for the practical discretion of the trial court." *United States v. Freeman,* 514 F.2d 1184, 1191 (10th Cir.1975) (citations omitted). " '[T]he decision as to the admissibility [of a lay opinion] is within the sound discretion of the trial judge and the issues involved are peculiarly suited to his determination.' *Bohannon v. Pegelow,* 652 F.2d 729, 732 (7th Cir.1981). There must be a clear abuse of discretion to justify reversal of the trial court's decision. *Id.*" *United States v. Ness,* 665 F.2d 248, 250 (8th Cir.1981). No such abuse of discretion is apparent here.[5]

Finally, even if we were to find that the exclusion of Mr. Castelli's opinions was error, we would not reverse here, since it is clear that no prejudice has befallen plaintiff. "Taken together, there was sufficient evidence upon which the jury could make an informed decision." *Scheib v. Williams-McWilliams Co.,* 628 F.2d 509, 511 (5th Cir. 1980).

Since the trial court's ruling was obviously based upon *Fed.R.Evid.* 701, it is unnecessary to deal with appellant's arguments under *Fed.R.Evid.* 704.[6]

*Conclusion*

Based upon the foregoing discussion, it cannot be said that there was an abuse of discretion either in the denial of the motion for new trial or in the exclusion of the lay opinion testimony.

Affirmed.

---

5. During oral argument, appellant asked this Court to use this case as a vehicle for clarification of the meaning of *Fed.R.Evid.* 701 and 704. We decline the invitation to "clarify" a rule which is designed to give wide discretion to the trial judge, especially in light of the fact that no abuse of discretion was shown.

6. Since the testimony appears properly excludable under *Fed.R.Evid.* 701, it would not have been "otherwise admissible" as required by *Fed.R.Evid.* 704.