Avery JONES, Appellant,

v.

The CITY OF ST. CLAIR, A Municipal Corporation, Appellee.

Avery JONES, Appellee,

v.

The CITY OF ST. CLAIR, A Municipal Corporation, Appellant.

Nos. 86–1015, 86–1039.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 8, 1986.

Decided Oct. 31, 1986.

Terrance Farris, Clayton, Mo., for appellant.

Jack C. Harper, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and HEANEY and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Plaintiff, Dr. Avery Jones, appeals the District Court's order refusing to consider his claims for injunctive relief, costs, and attorney and expert witness fees even though the jury (1) found that defendant City of St. Clair, Missouri (City) had violated the Federal Water Pollution Prevention and Control Act, 33 U.S.C.A. § 1251 *et seq.* (West 1986) (Clean Water Act), and (2) awarded Jones $15,000 on his common law nuisance claim. The City cross-appeals, asserting there was insufficient evidence to justify submission of this case to the jury on either count. We affirm the judgment entered on the jury verdicts, but remand the case with directions that the District Court consider the merits of Jones's motion for injunctive relief and that it exercise its discretion with regard to Jones's post-trial motion for costs and attorney and expert witness fees.

Jones brought suit against the City, alleging that failure of the City's waste disposal system caused a waste treatment lagoon to overflow into a lake located on Jones's property and was responsible for the eutrophication of the lake, for a fish-kill that depleted the fishing stock, and for damage to the Merimac River, into which water from Jones's lake eventually flows. Count I of the complaint alleged a violation of the Clean Water Act and sought injunctive relief, civil penalties, costs, and attor-ney fees, as authorized under the terms of the Act. 33 U.S.C.A. § 1365 (West 1986). Count II alleged a state law claim based on the theory of common law nuisance and sought damages, injunctive relief, and costs. At Jones's insistence, and without objection by the City, both counts were submitted to the jury. The jury found that the City was in violation of the Clean Water Act. In addition, the jury found for Jones on his common law nuisance claim and awarded him damages of $15,000. Following this verdict, Jones moved for injunctive relief under § 1365(a) of the Clean Water Act and under a common law nuisance theory, and for an award of costs and attorney and expert witness fees under § 1365(d) of the Clean Water Act. The District Court denied the motion, ruling that submission of the Clean Water Act claim to the jury barred Jones from recovering his costs or fees. Similarly, in denying injunctive relief, the Court ruled that the request for injunctive relief was barred because of Jones's insistence on submission of the entire case to the jury. Appendix (App.) at 100, 101.[1]

Turning first to the cross-appeal, the City contends that insufficient evidence was presented to allow this case to go to the jury. The City did not raise this issue during trial, either in a motion for directed verdict or in a motion for judgment notwithstanding the verdict. Insufficiency of the evidence was first raised by the City in a motion for new trial following entry of the District Court's judgment. This Court has repeatedly held that when the moving party has not made a motion for directed verdict or a motion j.n.o.v., " '[w]e cannot test the sufficiency of the evidence to support the jury's verdict beyond application of the "plain error" doctrine in order to prevent a manifest miscarriage of justice.' " *Shell v. Missouri Pacific R.R.*, 684 F.2d 537, 540 (8th Cir.1982) (quoting *Karja-*

---

1. The Order stated, "Plaintiff in the instant case elected to submit the issue of liability under the Act to the jury, which rendered a judgment of liability without imposing penalties or costs. The Court will not reopen the judgment to award plaintiff the costs of obtaining $15,000 private damages for nuisance." App. at 101. With regard to the request for injunctive relief, the District Court made a similar determination, stating, "The Court will not now reopen the judgment to entertain what is essentially a new cause of action for injunctive relief." *Id.*

la v. Johns-Manville Products Corp., 523 F.2d 155, 157 (8th Cir.1975)); see also U.S. v. Bass, 618 F.2d 500, 503 (8th Cir.1980). In Harris v. Zurich Insurance Co., 527 F.2d 528 (8th Cir.1975), this Court stated:

> At trial, plaintiffs' counsel did not move for a directed verdict or for judgment notwithstanding the verdict. Under such circumstances, we are generally powerless to review the sufficiency of the evidence except for plain error. However, plaintiffs' counsel did file a motion for a new trial on grounds of insufficiency of the evidence. The motion was denied and plaintiffs assigned this denial as error in their notice of appeal. This affords us an opportunity to determine whether the district court abused its discretion in denying the motion for new trial on the grounds of insufficient evidence.

Id. at 529–30 (citations omitted.)

In a footnote, the Court explained its holding, stating, "We are not technically reviewing the sufficiency of the evidence. Rather, we are reviewing whether the district judge has abused his judicial discretion in denying a new trial or whether as a matter of law the denial of a new trial was erroneous because there was an 'absolute absence of evidence to support the jury's verdict.'" Id. at 530 n. 1 (quoting Urti v. Transport Commercial Corp., 479 F.2d 766, 769 (5th Cir.1973)). Applying this standard, we find no abuse of discretion in the submission of both counts to the jury or in the denial of the City's motion for a new trial. By introducing evidence that the City had failed to obtain National Pollution Discharge Elimination System permits, which are required by the Clean Water Act as a prerequisite to legal discharge, Jones sufficiently raised a factual question as to whether the City had violated the Clean Water Act. Jones also made a submissible case on his nuisance claim. Dr. Eigner, Jones's primary expert witness, testified that the numerous bypasses from the City sewage lagoon into Jones's lake were sufficient "within a reasonable degree of scientific certainty" to "directly contribute[ ] to the formation of the duckweed covering the lake," Transcript (Tr.) at 159, 162, and that in his opinion, "the pollution from the bypasses and from the lagoon [was] the major ... factor in the eutrophication, that is, the death of the lake—[of which] the fish kill was just one manifestation." Tr. at 162. Dr. Eigner also stated that repair of Jones's lake would require as a first step the "stop [of] all future pollution from the City waste water system." Tr. at 164. Finding no abuse of discretion by the District Court, we affirm the denial of the City's motion for a new trial.

Jones's appeal raises the issue of whether submission of the Clean Water Act and nuisance claims to the jury precludes him, after he has obtained a jury verdict in his favor on both claims, from obtaining a ruling by the District Court on the merits of his request for injunctive relief. The City first argues that during a trial conference, Jones specifically waived his right to seek injunctive relief under the Clean Water Act and therefore is barred from seeking such relief. We find this argument meritless. The District Court did not purport to find a waiver, and after a careful review of the record, including those portions that the City particularly has called to our attention, we find nothing from which we could conclude that Jones waived his claim for injunctive relief.

In a second attempt to bar Jones's request for injunctive relief under the Clean Water Act, the City cites United States v. Ferro Corp., 627 F.Supp. 508, 23 E.R.C. 2052 (BNA M.D.La.1986), and suggests that because Jones's Clean Water Act claim was submitted to the jury even though only equitable relief was sought under that claim, Jones should be denied injunctive relief.[2] We need not rule on the propriety

2. In Ferro, the court held that "there is no right to a trial by jury in an action brought by the United States pursuant to the Clean Water Act." 23 E.R.C. at 2054. The Fourth and Eleventh Circuits have held that suits for civil penalties under the Clean Water Act are equitable in nature and do not implicate the Seventh Amendment right to a jury trial. United States v. Tull,

of submitting the Clean Water Act claim to the jury. The City did not object to the submission of that claim to the jury and the issue is therefore not properly before us. Moreover, even assuming that the submission was incorrect, we see no reason why this should bar consideration of Jones's request for an injunction.

■■■ The narrow question that is before us is whether submission of Jones's case to the jury, without objection by the City, should result in the automatic denial of Jones's request for injunctive relief. We think it should not. All that the jury was asked to do with respect to Jones's Clean Water Act claim was to decide whether the City had violated the Act. The jury was not asked to decide the relief, if any, that Jones should have in the event a violation was found. Since the relief available under the Act is equitable in nature,[3] and the injunctive relief sought under the common law nuisance claim also sounds in equity, the power to grant or deny that relief clearly resides in the trial judge. *See Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311–12, 102 S.Ct. 1798, 1802–03, 72 L.Ed.2d 91 (1982). It is settled law that when the same case involves both legal and equitable claims, the legal claims are tried to the jury and the equitable claims are tried to the court. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 479, 82 S.Ct. 894, 8 L.Ed.2d 844 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 508, 79 S.Ct. 948,

955, 3 L.Ed.2d 988 (1959). The District Court's post-trial ruling that it would not consider Jones's motion for injunctive relief because to do so would require the court to reopen the case is not supported by anything that we can discern in the record. Moreover, that ruling is inconsistent with long-established law and practice and is, we believe, untenable. We therefore remand this case to the District Court and direct the court to give appropriate consideration to the merits of Jones's request for injunctive relief. In so doing, we express no opinion as to the merits of that request. We merely hold that Jones is entitled to have the District Court consider the merits of his request for injunctive relief.

■■■ Jones also appeals the summary denial by the District Court of his motion for costs and attorney and expert witness fees. The Clean Water Act leaves the awarding of costs and fees to the discretion of the court. Section 1365(d) of the Act states, "The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." The statute plainly vests the trial court with broad discretion. We believe, however, that upon a proper motion for costs and fees, the trial court has a duty to exercise that discretion. Moreover, the responsibility to decide this matter rests solely with

769 F.2d 182 (4th Cir.1985) *cert. granted in part,* — U.S. ——, 106 S.Ct. 2244 (1986); *United States v. M.C.C. of Florida, Inc.,* 772 F.2d. 1501, 90 L.Ed.2d 691 (11th Cir.1985).

**3.** 33 U.S.C. § 1365(a) states, in part, "The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an effluent standard or limitation, or such an order [issued by the Administrator or a state with respect to such a standard or limitation], or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties under section 1319(d) of this title."

The Supreme Court has interpreted the Clean Water Act as leaving broad equitable discretion with the trial judge. *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 320, 102 S.Ct. 1798, 1807, 72

L.Ed.2d 91 (1982); *see also U.S. v. Akers,* 785 F.2d 814, 823 (9th Cir.1986). In *Weinberger,* the Court held that the statutory extension of equitable powers under the Clean Water Act does not limit the application by trial courts of other traditional equitable remedies consistent with the Act. The Court stated, "That the scheme as a whole contemplates the exercise of discretion and balancing of equities militates against the conclusion that Congress intended to deny courts their traditional equitable discretion in enforcing the statute." *Id.* 456 U.S. at 316, 102 S.Ct. at 1805. The Court continued, "We read the [Clean Water Act] as permitting the exercise of a court's equitable discretion, whether the source of pollution is a private party or a federal agency, to order relief that will achieve *compliance* with the Act." *Id.* at 318, 102 S.Ct. at 1806. (emphasis in original).

the trial judge. It cannot be shifted to the jury by submission to the jury of the basic question of whether the defendant has violated the Clean Water Act. We therefore remand this case to the District Court and direct the court to consider and exercise its discretion with regard to Jones's motion for costs and attorney and expert witness fees under § 1365(d). In so doing, we express no view as to whether the court should award costs and fees. We merely direct the court to exercise its discretion.

We affirm the judgment of the District Court entered upon the jury verdicts in favor of Jones. We remand the case to the District Court for further proceedings consistent with this opinion insofar as Jones's requests for injunctive relief, costs, and attorney and expert witness fees are concerned.