**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARTHA M. POWERS,
Plaintiff-Appellant,

and

ANGEL WORLD INCORPORATED,
Plaintiff,                                                        No. 96-1776

v.

TREASURES AND TRINKETS,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CA-95-1349-6-3)

Submitted: May 29, 1997

Decided: June 11, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Martha M. Powers, Appellant Pro Se. Steven Paul Hollman, HOGAN
& HARTSON, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Martha M. Powers and Angel World, Inc., brought this action against Treasures & Trinkets, Inc., alleging trademark infringement and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1051 (1994), unfair competition under the common law of South Carolina, and unfair trade practices under state law. Treasures & Trinkets counterclaimed under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1994), for false designation of origin and unfair competition. On Treasures' motion, the district court entered summary judgment for Treasures' claim of trademark rights on the paper goods line of "Guardian Angel" products. Further, the district court permanently enjoined Powers from using the "Guardian Angel" trademark on paper goods. The district court denied Treasures' motion for summary judgment as to the claims relating to jewelry and the case proceeded to trial on the issue. The jury returned a verdict as to Powers' claims and Treasures' counterclaim in favor of Treasures, finding that Treasures is entitled to the trademark "Guardian Angel" as it relates to jewelry products.

On appeal, Powers makes numerous complaints which are meritless. First, Powers' complaint that her counsel were incompetent and inexperienced is unavailing because there is no right to effective counsel in a civil trial. See Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986). Powers' contention that the judge did not maintain control of the courtroom is unsupported by the record. See Cameron v. Seitz, 38 F.3d 264, 271 (6th Cir. 1994); cf. In re McConnell, 370 U.S. 230, 236 (1962). Powers' averment that the case should have been judged solely on the trademark infringement issue is incorrect because Treasures counterclaimed. Cf. Fed. R. Civ. P. 13(a).

To the extent that Powers challenges the the district court's evidentiary rulings, we find, after reviewing the record, that the district court

2

did not abuse its discretion. <u>See United States v. Moore</u>, 27 F.3d 969, 974 (4th Cir. 1994). Next, Powers' claim that the district court improperly awarded damages is unavailing because the district court did not award damages, but only costs. Furthermore, to the extent that Powers appeals the award of costs, the court did not abuse its discretion in awarding costs because it found that Powers engaged in willful infringement of Treasures' trademark, caused unnecessary delay, and increased the costs of litigation. <u>See</u> 15 U.S.C. § 1117(a) (1994); <u>see also Ferrero U.S.A., Inc. v. Ozak Trading, Inc.</u>, 952 F.2d 44, 47 (3d Cir. 1991) (concluding that costs may be awarded in infringement case where there is finding of bad faith, malice, or knowing infringement). We also find that Powers' complaint about the typographical error in the judgment is more appropriately addressed by way of motion in the district court under Fed. R. Civ. P. 60(a).

Additionally, Powers raises several issues which were not preserved for appeal. Powers cannot appeal the jury instructions because she failed to object to them at trial. <u>See Waters v. Massey-Ferguson, Inc.</u>, 775 F.2d 587, 590-91 n.2 (4th Cir. 1985); <u>cf.</u> Fed. R. Civ. P. 51. Additionally, because Powers did not move for a directed verdict and because we find no plain error, appellate review of the sufficiency of the evidence is foreclosed. <u>Tights, Inc. v. Acme-McCrary Corp.</u>, 541 F.2d 1047, 1058 (4th Cir. 1976) (noting that sufficiency of evidence to support verdict is not reviewable on appeal unless motion for directed verdict is made in trial court); <u>see also Harris v. Zurich Ins. Co.</u>, 527 F.2d 528, 529 (8th Cir. 1975) (stating that where motion for directed verdict was not made at trial, appellate court is powerless to review sufficiency of evidence except for plain error).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3