# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3552

_____

| | | |
|---|---|---|
| Peerless Corporation, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 17, 1999
Filed: August 30, 1999

_____

Before BOWMAN and HEANEY, Circuit Judges, and LONGSTAFF,[1] District Judge.

_____

BOWMAN, Circuit Judge.

Peerless Corporation, a manufacturer of self-unloading "live-floor" truck trailers, appeals from the denial by the District Court[2] of Peerless's motion in limine to exclude certain evidence from trial, and from the denial of Peerless's motion for judgment as a matter of law and alternative motion for a new trial challenging a jury verdict that

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa, sitting by designation.

[2]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Peerless's trailers are not exempt from the federal excise tax imposed under Internal Revenue Code § 4051. See 26 U.S.C. § 4051 (1994).[3]

Peerless manufactures specialty truck trailers, including trailers fitted with a hydraulic "live-floor" mechanism that automatically unloads cargo. From July 1, 1993, through June 30, 1995, the time relevant to this appeal, Peerless sold 125 live-floor trailers to retail customers. Peerless paid the federal excise tax under § 4051 on only the portion of the sales price attributable to the trailer chassis, claiming that the live-floor trailer body qualified for the tax exemption provided by Internal Revenue Code § 4053(2). See 26 U.S.C. § 4053(2) (1994).[4] Peerless apparently relied for its

---

[3]Section 4051(a)(1) provides in pertinent part:

There is hereby imposed on the first retail sale of the following articles . . . a tax of 12 percent of the amount for which the article is so sold:

. . . .
(C) Truck trailer and semitrailer chassis.
(D) Truck trailer and semitrailer bodies.

[4]Section 4053 provides in pertinent part:

No tax shall be imposed by section 4051 on any of the following articles:

. . . .
(2) Feed, seed, and fertilizer equipment
Any body primarily designed–
(A) to process or prepare seed, feed, or fertilizer for use on farms,
(B) to haul feed, seed, or fertilizer to and on farms,
(C) to spread feed, seed, or fertilizer on farms,
(D) to load or unload feed, seed, or fertilizer on farms, or
(E) for any combination of the foregoing.

position on an IRS private letter ruling issued to another taxpayer stating that the live-floor trailer bodies manufactured by that taxpayer were "primarily designed for the exempt purposes set forth in the [Internal Revenue] Code. . . . [and] are exempt from tax under section 4053(2)(B) of the Code," while the "chassis components of such semitrailers are subject to the tax imposed by section 4051." IRS Priv. Ltr. Rul. 8907008, at 2 (Nov. 14, 1988). The private letter ruling further provides, in accordance with Internal Revenue Code § 6110(j)(3), that "[t]his ruling is directed only to the taxpayer who requested it." Id.; see also 26 U.S.C. § 6110(j)(3) (1994) (providing that private letter rulings, determination letters, and technical advice memoranda issued by the IRS "may not be used or cited as precedent").

In mid-1995, the IRS audited Peerless's tax returns for the period from July 1, 1993, to June 30, 1995, and questioned the basis upon which Peerless had claimed the § 4053(2) tax exemption on its live-floor trailer bodies. The IRS thereafter issued a technical advice memorandum stating that Peerless's trailer bodies were not exempt under § 4053. The IRS assessed approximately $430,000 in additional excise tax and interest against Peerless to compensate for the difference between the tax Peerless paid on the trailer chassis and the tax that Peerless should have paid on the entire trailer, both chassis and body, assuming the trailer body was not exempt under § 4053(2). Peerless paid the assessed tax and interest, but filed for a refund. When the IRS denied the refund, Peerless instigated this suit against the United States to recover the $430,000 in tax and interest assessed against Peerless by the IRS.

Prior to trial, Peerless moved in limine to exclude any evidence regarding "subsequent actual uses" to which its live-floor trailers are put by retail purchasers, claiming that the § 4053(2) exemption turns on the purpose for which the trailer bodies are "primarily designed," not on their actual uses. The District Court denied the motion, determining that "evidence of use of Peerless's [trailers] equipped with the live floor mechanism is admissible for the limited purpose of determining the primary purpose for which the mechanism is designed." Peerless Corp. v. United States, No.

J-C-97-195, slip op. at 4 (E.D. Ark. Mar. 4, 1998) (order denying motion in limine). At the conclusion of all the evidence, the District Court instructed the jury to "consider the actual uses to which these trailers have been put by their retail purchasers only for the limited purpose of determining the primary purpose for which this trailer with the 'live floor mechanism' was designed." Jury Instruction No. 18.

Peerless did not initially move for judgment as a matter of law until after the case was submitted to the jury. The District Court denied the motion. The jury returned a verdict finding that Peerless's live-floor trailers were not primarily designed to haul and unload feed, seed, or fertilizer to and on farms and, therefore, were not exempt under § 4053(2). The District Court entered judgment on the jury's verdict. Peerless renewed its motion for judgment as a matter of law and filed an alternative motion requesting a new trial, both of which were denied by the District Court. Peerless now appeals to this Court.

For its first issue on appeal, Peerless claims that the District Court erred in denying Peerless's motion in limine. Peerless argues that the § 4053(2) exemption refers only to the purpose for which the trailers primarily were designed and, therefore, that evidence regarding the actual use of the trailers by purchasers should have been excluded. Peerless, however, failed to object at trial to the admission of the evidence regarding the actual uses of the trailers and, moreover, introduced its own evidence on that subject. As we explained in Huff v. Heckendorn Manufacturing Co., "[W]hen a motion to exclude evidence is made in limine and is overruled, if the evidence is thereafter admitted at trial without objection, 'the error if any, has not been preserved for review.'" 991 F.2d 464, 466 (8th Cir. 1993) (quoting Starr v. J. Hacker Co., 688 F.2d 78, 81 (8th Cir. 1982)); see also Hale v. Firestone Tire & Rubber Co., 756 F.2d 1322, 1333-34 (8th Cir. 1985).

Even if Peerless had preserved the issue for appeal, the evidence of actual use properly was admitted for the limited purpose of determining the primary function for

-4-

which the trailer bodies were designed.  See Hagan v. United States, 74-2 U.S. Tax Cas. (CCH) ¶ 16,166 (D. Me. Sept. 11, 1974) (instructing jury to consider, among other things, uses to which truck body has been put by manufacturer's customers to ascertain whether truck body was primary designed to unload feed, seed, or fertilizer to and on farms, for purposes of federal excise tax exemption); cf. Woodward v. United States, 442 F.2d 333, 334-35 (10th Cir. 1971) (noting testimony of camper manufacturers that campers are "primarily used for living purposes," and determining that an abundance of evidence existed to support the district court's finding that campers fall within 26 U.S.C. § 4063(a)(1) exemption for "articles designed . . . to be used primarily as living quarters").

Peerless next claims that the District Court erred in denying Peerless's motion for judgment as a matter of law.  We review de novo the denial of a motion for judgment as a matter of law using the same standard as that applied by the District Court.  See Browning v. Liberty Mut. Ins. Co., 178 F.3d 1043, 1047 (8th Cir. 1999). Judgment as a matter of law should be granted if insufficient evidence exists to support the jury verdict and no reasonable juror could have returned a verdict for the non-moving party.  See Buckles v. First Data Resources, Inc., 176 F.3d 1098, 1100 (8th Cir. 1999).

In its motion to the District Court, Peerless claimed that "[t]he evidentiary record . . . is devoid of any . . . evidence by which the jury could have reasonably determined that Peerless Corporation's specialty trailers . . . were 'primarily designed' for anything other than the hauling of cattle feed to farms and the unloading of such cattle feed on farms."  Plaintiff's Motion for Judgment as a Matter of Law, at 1.  The court, after taking briefs on the issue, found that Peerless failed initially to move for judgment as a matter of law before the case was submitted to the jury, and therefore denied Peerless's renewed motion as untimely under Federal Rule of Civil Procedure 50.  Rule 50 states that "[m]otions for judgment as a matter of law may be made at any time before submission of the case to the jury," Fed. R. Civ. P. 50(a)(2), and that if the

"court does not grant a motion for judgment as a matter of law made at the close of all the evidence . . .. [t]he movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment," Fed. R. Civ. P. 50(b); see also Pulla v. Amoco Oil Co., 72 F.3d 648, 655 (8th Cir. 1995) (White, J.) ("Under Rule 50(b), a litigant who fails to move for judgment as a matter of law at the close of the evidence cannot later argue–either in a post-trial Rule 50 motion or on appeal–that the verdict was supported by insufficient evidence.").

Peerless concedes that it first moved for judgment as a matter of law shortly after the case went to the jury, and thereby failed to conform to Rule 50, but argues that we should hear the merits of its motion under any one of several recognized exceptions to the Rule 50 timeliness requirement. In particular, Peerless cites BE & K Construction Co. v. United Brotherhood of Carpenters & Joiners of America, in which we found an exception to Rule 50 where "[o]nly a short time elapsed between [the movant's] motion and the close of all the evidence, only two witnesses were called who had not already testified, no additional evidence was put in by [the non-moving party], and the trial judge deferred ruling on part of the motion." 90 F.3d 1318, 1325 (8th Cir. 1996). Peerless also points out that in Pulla we recognized that:

> litigants can challenge a jury verdict without moving for judgment as a matter of law at the close of the evidence if their earlier Rule 50 motion (1) closely preceded the close of all of the evidence; and (2) the court somehow indicated that the movant need not renew its motion in order to preserve its right to challenge the verdict.

72 F.3d at 655. Finally, Peerless directs our attention to K & S Partnership v. Continental Bank, in which the District Court for the District of Nebraska excused noncompliance with Rule 50 where the defendant-movant renewed its motion just before resting its case, no new evidence was presented, the non-moving party was not misled or prejudiced, and the tacit understanding was that the movant need not renew its motion at the close of all the evidence. See 127 F.R.D. 664, 666-67 (D. Neb. 1989),

aff'd in part, rev'd in part, 952 F.2d 971 (8th Cir. 1991), cert. denied, 505 U.S. 1205 (1992).

These cases are easily distinguishable, however, and we are confident that a new exception should not be fashioned in this case for the basic reason that the Rule 50 timeliness requirement exists to ensure that the non-moving party is given notice of any claimed deficiency in its evidence before the case goes to the jury.  See Fed. R. Civ. P. 50(a)(2) advisory committee notes to 1991 Amendment ("Paragraph (a)(2) retains the requirement that a motion for judgment be made prior to the close of trial . . ..  to assure the responding party an opportunity to cure any deficiency in that party's proof that may have been overlooked until called to the party's attention by a late motion for judgment.").  BE & K, Pulla, and K & S all recognize exceptions to that requirement in circumstances where the movant fails to comply with Rule 50 by moving prematurely, that is, just before the close of all the evidence.  In the instant case, Peerless asks us to create an exception that would excuse an untimely motion submitted to the trial court after the jury has departed the courtroom, and with it the non-moving party's final opportunity to "cure any deficiency in that party's proof."  Fed. R. Civ. P. 50(a)(2) advisory committee notes to 1991 Amendment; cf. Farley Transp. Co. v. Santa Fe Trail Transp. Co., 786 F.2d 1342, 1346 (9th Cir. 1985) ("If the moving party is . . . permitted to make a later attack on the evidence through a motion for judgment notwithstanding the verdict or on appeal, the opposing party may be prejudiced by having lost the opportunity to present additional evidence before the case was submitted to the jury.").  We decline to create the exception Peerless requests.

We note, nonetheless, that Peerless filed an alternative motion for new trial in the District Court on substantially the same sufficiency-of-the-evidence grounds as are asserted in its motion for judgment as a matter of law.  Peerless now appeals the denial of that motion.  In the course of reviewing the denial of Peerless's motion for a new trial, we are afforded an opportunity--not to review the sufficiency of the evidence as Peerless would have us do by excusing its untimely motion for judgment as a matter of

law--but "'to determine whether the district court abused its discretion in denying the motion for new trial on the grounds of insufficient evidence.'" Jones v. City of St. Clair, 804 F.2d 478, 480 (8th Cir. 1986) (quoting Harris v. Zurich Ins. Co., 527 F.2d 528, 529-30 (8th Cir. 1975)). We therefore proceed to the merits of Peerless's motion for new trial.

We review the denial of a motion for new trial for an abuse of discretion. See Denesha v. Farmers Ins. Exch., 161 F.3d 491, 497 (8th Cir. 1998), cert. denied, 119 S. Ct. 1763 (1999). A district court's denial of a motion for new trial is "'virtually unassailable' when the verdict is claimed to be against the weight of the evidence." Porous Media Corp. v. Pall Corp., 173 F.3d 1109, 1123 (8th Cir. 1999) (quoting Pulla, 72 F.3d at 656). "Under such circumstances, we reverse for a clear abuse of discretion only where there is an absolute absence of evidence to support the jury's verdict." Id. (internal quotations and citations omitted).

Peerless argues that the verdict in this case is against the clear weight of the evidence and points to the uncontroverted testimony of the patent holder of the live-floor mechanism that his invention was developed primarily to haul and unload cattle feed to and on farms. See Trial Tr. at 65-70. Impressive as this testimony is regarding the live-floor mechanism, it is not determinative of the purpose for which Peerless designed its trailer bodies, of which the floor is just a part. The issue for the jury in this case was not the design of the live-floor mechanism, but that of Peerless's trailer bodies. See Jury Instruction No. 15 ("It will be your task to decide whether the bodies of Peerless Corporation's trailers with the 'live floor mechanisms' were primarily designed to haul, load or unload feed, seed or fertilizer to and on farms."); see also 26 U.S.C. § 4053(2) (exempting "[a]ny *body* primarily designed . . . to haul [or unload] feed, seed, or fertilizer to and on farms" (emphasis added)). Regarding the real issue in this case, the evidence was not so clearly in Peerless's favor. For example, Peerless's vice-president and general manager testified on direct examination that Peerless built its first live-floor trailer for the purpose of hauling and unloading bark and mulch. See

Trial Tr. at 208. On cross-examination, the same witness admitted that Peerless began building live-floor trailers after discovering that they could be used to haul mulch for the forestry industry, that Peerless historically had served the forestry industry, and that the live-floor trailer is not limited in use to agricultural products. See id. at 230-32. This testimony clearly supports the jury verdict unfavorable to Peerless.

Peerless argues, nonetheless, that the Government's evidence demonstrated only the uses of Peerless's trailer bodies, not the purpose for which the trailer bodies primarily were designed, and repeats its argument that the Government should not have been allowed to present such evidence. We already have determined, however, that the evidence regarding the uses of the trailer bodies properly was admitted to demonstrate the purpose for which the trailer bodies were designed. That evidence showed that Peerless's customers used the trailer bodies for purposes other than hauling or unloading feed, seed, or fertilizer to and on farms. Therefore, from all the evidence adduced at trial, the jury reasonably could have found, as it did, that the trailer bodies were not primarily designed for the purpose exempted under § 4053(2).

Peerless also claims that the District Court erroneously excluded IRS Private Letter Ruling No. 8907008, and should have granted a new trial on that basis. Peerless argues that the private letter ruling, issued to another manufacturer of live-floor trailers in 1988, is relevant to this case as the binding "law of the agency" regarding the interpretation of the § 4053 exemption. Brief of Appellant at 40. Peerless's position, however, ignores the text of Internal Revenue Code § 6110(j)(3), providing that private letter rulings have no precedential value, as well as the private letter ruling itself, which by its terms is directed only to the taxpayer that requested it. Cf. Lucky Stores, Inc. v. Commissioner, 153 F.3d 964, 966 n.5 (9th Cir. 1998) (rejecting taxpayer's argument that "several private letter rulings and one technical advice memorandum . . . establish[] a practice of the IRS permitting deductions such as those claimed by [taxpayer]"), cert. denied, 119 S. Ct. 1755 (1999); Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown, 897 F.2d 275, 280 n.2 (7th Cir.) (en banc) (stating that a private letter ruling

"may not be used or cited as precedent" and refusing to "consider that portion of [taxpayer's] brief which relies exclusively on the IRS private letter ruling as authority"), cert. denied, 498 U.S. 820 (1990).

We conclude, as did the District Court, that the possible confusion of the issues resulting from the admission of the private letter ruling, addressed to a taxpayer other than Peerless and having no precedential value or binding effect, would have substantially outweighed the letter's doubtful probative value to the jury. See Fed. R. Evid. 403. Certainly, the District Court did not abuse its discretion by excluding the private letter ruling and, consequently, did not abuse its discretion in denying the motion for new trial on that basis.

Peerless next argues in support of its motion that the case of IBM Corp. v. United States, 343 F.2d 914 (Ct. Cl. 1965), cert. denied, 382 U.S. 1028 (1966), which came to Peerless's attention after the District Court entered judgment in this case, somehow entitles Peerless to another trial. In the IBM case, IBM and Remington Rand, then IBM's lone competitor in the business computer industry, requested private letter rulings within months of each other regarding virtually identical products. The IRS issued IBM an unfavorable ruling and erroneously (as later determined by the IRS) issued Remington a favorable ruling, resulting in IBM's paying certain taxes that Remington was excused from paying by the private letter ruling. The Court of Claims remedied the situation by allowing IBM to recover the taxes paid for the period in which Remington had not been required to pay the tax. Peerless's argument is that it should be allowed to amend its complaint to include a claim based on IBM that the IRS abused its discretion in treating Peerless unfavorably relative to the taxpayer that requested Private Letter Ruling No. 8907008.

The first flaw in Peerless's argument is that a party may not seek a new trial on the basis of a legal theory not urged at the first trial. See Midamar Corp. v. National-Ben Franklin Ins. Co., 898 F.2d 1333, 1338 (8th Cir. 1990); 11 Charles Alan Wright

et al., Federal Practice & Procedure § 2805, at 58-59 (2d ed. 1995). Furthermore, even if Peerless could gain a second trial based on this new theory, we have limited IBM to its facts in this Circuit, see Bookwalter v. Brecklein, 357 F.2d 78, 82-84 (8th Cir. 1966), as has the Court of Claims, the very court that decided the case, see Knetsch v. United States, 348 F.2d 932, 940 n.14 (Ct. Cl. 1965), cert. denied, 383 U.S. 957 (1966); Bornstein v. United States, 345 F.2d 558 (Ct. Cl. 1965). IBM, on its facts, is distinguishable from the case at bar in two important respects: First, "[u]nlike the instant appeal, the *I.B.M.* case involved a situation where one competitor was being favored unjustifiably over the only other competitor in the computer industry." Bookwalter, 357 F.2d at 83. In the instant case, Peerless and the taxpayer to whom Private Letter Ruling No. 8907008 was directed are not alone in the business of manufacturing and selling live-floor trailers, and therefore Peerless, despite its claims to the contrary, has not been rendered unable to compete relative the rest of the industry. Second, "there was a much greater reliance factor in *I.B.M.* since I.B.M. . . . within three months after the private ruling to Remington had made an urgent request for a similar ruling." Id. Here, Peerless never requested a private letter ruling regarding its own trailers. Thus, Peerless's case "is entirely different [from IBM] since [Peerless] was treated no differently from many other similarly situated taxpayers who also had not sought rulings." Id.; see also Bornstein, 345 F.2d at 564 n.2 (distinguishing the case at bar from IBM on the basis that "none of the taxpayers nor the corporations in which they are shareholders asked for rulings").

Finally, Peerless's position is foreclosed by our determination supra that private letter rulings lack precedential value, and by the Supreme Court's ruling that the IRS is free to change an earlier interpretation of the Internal Revenue Code despite detrimental reliance by a taxpayer on the Service's prior position, see Dickman v. Commissioner, 465 U.S. 330, 343 (1984); cf. Geotel, Inc. v. United States, 75-2 U.S. Tax Cas. (CCH) ¶ 16,201 (E.D.N.Y. Oct. 1, 1975) (distinguishing IBM and stating that "taxpayers can never avoid liability for a proper tax by showing that others have been treated generously, leniently, or erroneously by the Internal Revenue Service" (internal

quotation omitted)).  For all of these reasons, the District Court did not abuse its discretion by determining that Peerless was not entitled to a new trial on the basis of Peerless's eleventh-hour assertion of its new legal theory.

Peerless's remaining grounds for a new trial were not argued to the District Court and, in any event, are without merit.  We therefore hold that the District Court did not abuse its discretion in denying Peerless's motion for a new trial.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.