Burt COLE; Ronnie Clark, Appellees,

v.

Dave WILLIAMS, Oklahoma District Attorney Investigator of Adair County, Appellant.

Lloyd King, Chief of Police, Westville, Oklahoma; Ron Gifford.

Burt COLE and Ronnie Clark, Appellants,

v.

Dave WILLIAMS, Oklahoma District Attorney Investigator of Adair County; Lloyd King, Chief of Police, Westville, Oklahoma; Ron Gifford, Appellees,

Russell Neff, The City of Westville, Oklahoma, a Municipal Corporation, Appellees.

Burt COLE and Ronnie Clark, Appellees,

v.

Dave WILLIAMS, Oklahoma District Attorney Investigator of Adair County; Lloyd King, Chief of Police, Westville, Oklahoma and Ron Gifford, Appellants,

Russell Neff, The City of Westville, Oklahoma, a Municipal Corporation.

Nos. 85–2294, 85–2331 and 85–2395.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1986.

Decided Aug. 4, 1986.

---

Robert Nance, Oklahoma City, Okl., and David Harris, Stillwell, Okl., for appellant.

Robert L. Whitlock, Prairie Grove, Ark., for appellees.

Before HEANEY, JOHN R. GIBSON and MAGILL, Circuit Judges.

HEANEY, Circuit Judge.

This appeal is from a jury verdict in a 42 U.S.C. § 1983 action. Burt Cole and Ronnie Clark claimed that their civil rights were violated when Dave Williams, a district attorney investigator for Adair County, Oklahoma, falsely arrested them in Arkansas, and failed to take them before a magistrate before returning them to Oklahoma. Williams contended that he had probable cause to arrest Cole and Clark for Oklahoma felonies and therefore was justified in pursuing them into Arkansas. At the close of the evidence, the trial court dismissed the City of Westville as a party defendant. The jury awarded each plaintiff $5,000 on the failure to take before a magistrate charge and $6,000 to Cole, and $5,000 to Clark for the false arrest claim. After various post-trial motions, the district court, 624 F.Supp. 712, granted a judgment n.o.v. on the failure to take before a magistrate charge and modified the damages awarded to Cole and Clark on this claim from $5,000 each to $1 each in nominal damages. The court did not disturb the $6,000 award to Cole and $5,000 award to Clark on the false arrest claim. Williams' motion for a new trial was denied. This appeal followed.

## BACKGROUND

On Sunday, February 12, 1984, Investigator Williams proceeded to Westville, Oklahoma, to attempt to apprehend Cole for whom the district attorneys' office had a felony warrant outstanding. Directed by a woman at the Westville Police Department, Williams drove to Cole's home. En route, he met a car occupied by Cole and Clark. After a road block and a flagdown were unsuccessful, Williams proceeded after them. The two were finally apprehended at a friend's home. Williams had unwittingly followed the plaintiffs across the Oklahoma-Arkansas line to a point a short distance on the Arkansas side of the line where the arrests were made. After the arrests, Williams asked for assistance from the Westville police station, and two officers arrived and helped transport Cole and Clark to the Westville jail where they were incarcerated for a brief period of time—Cole until 11:00 a.m. the next morning, and Clark for thirty minutes to an hour.

Cole and Williams then brought this action. At the close of the evidence, the court dismissed the City of Westville. The court also determined that Williams and other law enforcement officers who assisted in the arrests had violated Ark.Stat.Ann. § 43–515 which states, an officer from another state who makes a "fresh pursuit" arrest in Arkansas "shall without unnecessary delay take the person arrested before a magistrate of the county in which the arrest was made, who shall conduct a hearing for the purpose of determining the lawfulness of the arrest," and the jury was so instructed. The jury was then asked to determine whether the arrests were unlawful. It found that they were, and awarded damages. The district court granted a judgment n.o.v. on the extradition count, holding that neither plaintiff suffered damages by not being brought before a magistrate. Although the court "personally [did] not believe that the plaintiffs were entitled to one red cent," it let the false arrest damage awards stand and denied defendants' motion for a new trial. On appeal, Williams claims the district court abdicated its discretion in overruling the motion for a

new trial. Cross-appellants Cole and Clark argue that the district court erred in granting the judgment n.o.v. and in dismissing the City of Westville.

## DISCUSSION

### I.

Williams claims that the district court applied an erroneous standard in ruling on his motion for a new trial. His argument, essentially, is that the court erroneously followed the standard set forth in *Goldsmith v. Diamond Shamrock Corp.*, 767 F.2d 411 (8th Cir.1985) instead of that in *Brown by Brown v. Syntex Laboratories, Inc.*, 755 F.2d 668 (8th Cir.1985). This argument tails because the two cases are compatible. Moreover, we find that the district court followed the law of this Circuit and properly denied the motion for a new trial.

The proper standard for determining whether a new trial is in order is, whether or not the verdict is against the great weight of the evidence. *Diamond Shamrock*, 767 F.2d at 416; *Brown*, 755 F.2d at 673; *Fireman's Fund Insurance Co. v. AALCO Wrecking Company, Inc.*, 466 F.2d 179, 187 (8th Cir.1972). "When through judicial balancing the trial court determines that the first trial has resulted in a miscarriage of justice, the court may order a new trial, otherwise not." *Fireman's Fund*, 466 F.2d at 187; *Diamond Shamrock*, 767 F.2d at 415; *Brown*, 755 F.2d at 673.

Here, after weighing the evidence, the district court "[could] not quite say that the verdict [was] against the 'clear weight' of the evidence, nor the 'overwhelming weight' of the evidence, nor the 'great weight' of the evidence, and certainly [could] not say that resonable minds [could] not differ as to the result." Thus, although the court might have reached a different result, it properly denied Williams' motion for a new trial.

### II.

Cross-appellants Cole and Clark contend that the district court erred in grant-

ing a judgment n.o.v. on their extradition claim. We disagree. The trial court correctly granted the motion because the evidence does not support two $5,000 verdicts against Williams for failing to take Cole and Clark before a magistrate.

The evidence is undisputed that Cole and Clark suffered no damages because of this technical violation of Arkansas law. Plaintiffs were arrested on Sunday, Clark was released within an hour, and Cole by the next morning. Thus, they were released sooner than they would have been had Williams brought them before a magistrate on Monday. The trial court correctly replaced the two $5,000 awards with nominal damages.

### III.

Cole and Clark contend that the district court erred by dismissing the City of Westville as a defendant. We disagree.

 Municipal liability under 42 U.S.C. § 1983 must be predicated on a deprivation of a civil right pursuant to an official policy, custom, or practice. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Here, there was no evidence that the Westville police force had adopted the policy of assisting an investigator outside of its jurisdiction.

Affirmed.