**William C. McBRYDE, Appellant,**

v.

**CAREY LUMBER CO., Appellee.**

No. 86–1525.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1986.

Decided May 19, 1987.

G. Alan Wooten, Fort Smith, Ark., for appellant.

Jerry Lee Canfield, Fort Smith, for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and HUNTER,* Senior District Judge.

McMILLIAN, Circuit Judge.

Dr. William C. McBryde appeals from a final judgment entered in the District Court[1] for the Western District of Arkansas on a jury verdict in favor of Carey Lumber Co., in a diversity action arising out of a traffic accident. For reversal appellant argues that the district court erred in denying his motions for a: (1) directed verdict, (2) mistrial because of a prejudicial and improper question, and (3) new trial based on a jury verdict contrary to the weight of the evidence. For the reasons discussed below, we affirm.

Appellant, a medical doctor, testified to the following sequence of events which are disputed in part. On September 18, 1984, a clear dry day, appellant drove his pickup truck onto the entry ramp of U.S. highway 71 and preceded in a northerly direction on the two-lane paved road. As he entered the highway, appellant "noticed some distance to the south" a fully loaded 40–ton lumber truck driven by George Endinger, an employee of Carey Lumber Co. The lumber truck, which belonged to Carey Lumber, was also going in a northerly direction on the highway. Appellant accelerated his pickup truck "from the point where he entered" the highway, but soon decelerated to make a right turn into the entrance of a restaurant. As he decelerated, appellant looked in his rear view mirror and saw the lumber truck directly behind him. The lumber truck hit the pickup truck in the rear and knocked it off the highway; the pickup truck then crashed through a fence and spun around in a restaurant parking lot. The lumber truck was unable to stop for several hundred feet beyond the point of impact.

Although appellant appeared to be unhurt at the accident scene, shortly afterwards he developed stiffness and soreness in his neck and shoulders and began to experience severe and frequent headaches. Because of these injuries, appellant has limited his activities as a family practitioner. He no longer performs office surgery, and often must cancel appointments with patients because of severe headaches.

Carey Lumber disputed appellant's version of the accident. George Endinger testified that appellant entered the highway and initially slowed his vehicle, then accelerated, initiated a turning movement into a driveway near his point of entry onto the highway, pulled back onto the highway, accelerated to approximately 40 miles per hour, and then, without signaling and without apparent reason, slowed his vehicle to 10 or 15 miles per hour at a point at least 208 feet short of the driveway into which he intended to turn. The impact then occurred.

Originally appellant filed suit in state court; Carey Lumber subsequently removed the case to federal district court. The case was heard by a jury on March 17 and 18, 1986, and was submitted to the jury on interrogatories. The jury was asked to determine whether either or both parties were at fault and, if both were at fault, then the relative proportion of fault. The district court did not submit damage interrogatories to the jury because the jury found each party equally negligent and equally responsible for the occurrence and any resulting injuries or damages. Judgment was entered for Carey Lumber. *McBryde v. Carey Lumber Co.*, No. 85–2080 (W.D.Ark. Mar. 28, 1986). Appellant's timely motion for a new trial was denied, and he now appeals.

Initially appellant argues that the district court erred in denying his motion for directed verdict. The district court submitted the issue of negligence to the jury on the following instruction:

The vehicle in front has the superior right to use the highway for the purpose of leaving it to enter an intersecting roadway or driveway, and the driver behind must use ordinary care to operate

---

* The Honorable Elmo B. Hunter, United States Senior District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable H. Franklin Waters, Chief Judge, United States District Judge for the Western District of Arkansas.

**188**

his vehicle in recognition of this superior right. This does not relieve the driver of the forward vehicle of the duty to use ordinary care and to obey the rules of the road.

Appellant contends that under this standard, there was no question of fact on the issue of comparative negligence and thus the district court erred when it submitted the question to the jury. We disagree.

 Whether the evidence is sufficient to create an issue of fact for the jury is a question of law to be determined by the court. *Mulholland v. Schneider Service Co.*, 661 F.2d 708, 711 (8th Cir.1981). In considering a motion for a directed verdict, "[t]he evidence must be viewed in the light most favorable to the party opposing the motion.... The motion should not be granted if reasonable persons could differ as to the conclusions to be drawn from the evidence." *Jackson v. Prudential Life Insurance Co.*, 736 F.2d 450, 453 (8th Cir. 1984).

 Resolution of the comparative negligence issue in this case depends on a determination of the credibility of the two accident participants, who gave conflicting accounts. The jury apparently accepted some elements of the testimony of both participants because the jury found each was equally at fault in the accident. Because reasonable persons could differ as to the conclusions to be drawn from the testimony of appellant and George Endinger, the district court did not err in denying the motion for a directed verdict.

Appellant next argues that the district court erred in denying his motion for a new trial. Prior to trial, appellant filed, and the district court granted, a motion in limine to exclude any reference to a disciplinary proceeding against him. In 1977, the Arkansas Medical Society suspended appellant's federal permit to prescribe certain controlled substances. Appellant contended that evidence of the disciplinary proceeding was irrelevant and that he would be unfairly prejudiced by admission of the evidence. Nonetheless, the following question was asked during the cross-examination of appellant: "Have the levels of these medi-cations which have been prescribed for your migraine condition created any difficulties with your governmental authorities regarding your licenses and medication permits and that type of matter?" Appellant's objection was sustained, but his motion for mistrial denied. The district court stated that the reference to the disciplinary proceeding was inadvertent and it "would not at all be obvious to the jury the specific nature of the 'problems' that [appellant] had had, and ... [appellant's] case was not materially prejudiced by the question in view of the quick objection ... and the court's equally quick ruling thereon." *McBryde v. Carey Lumber Co.*, No. 85–2080, slip op. at 3 (W.D.Ark. April 15, 1986) (memorandum opinion denying motion for new trial). The district court offered to give an appropriate cautionary instruction, but appellant declined the offer because he feared that the instruction would unduly draw attention to the question.

 A question by counsel that improperly places prejudicial information before the jury " 'generally entitles the aggrieved party to a new trial.' " *Williams v. Mensey*, 785 F.2d 631, 637 (8th Cir.1986) *(Williams), citing Harris v. Zurich Insurance Co.*, 527 F.2d 528, 531 (8th Cir.1975) *(Harris)*. The trial court, however, has discretion in determining whether a question is so prejudicial as to require a new trial because " 'the trial court is in a far better position to measure the effect of an improper question on the jury than an appellate court which reviews only the cold record.' " *Williams*, 785 F.2d at 637, *quoting Harris*, 527 F.2d at 531. Appellate review of the denial of a motion for new trial thus is limited to abuse of discretion. *Harris*, 527 F.2d at 531.

 In the present case, appellant alleges that a single question was so prejudicial that it aroused the sympathy or prejudice of the jury and influenced the verdict. The improper question here, like the question in *Harris*, was an isolated incident and the district court acted promptly to cure the negative effect on the jury. Also it is doubtful that the jury would have been

able to discern from the improper question alone the problems referred to. We thus conclude that the district court did not abuse its discretion in denying the motion for a new trial.

Appellant lastly argues that the district court should have granted his motion for a new trial because the jury verdict was contrary to the weight of the evidence. A motion for a new trial on the basis that the verdict is against the weight of the evidence should only be granted when the verdict is against the "clear weight, overwhelming weight, or great weight of the evidence." *Goldsmith v. Diamond Shamrock Corp.*, 767 F.2d 411, 416 (8th Cir. 1985). In considering a motion for a new trial, the district court is to consider whether the first trial resulted in a miscarriage of justice. *Id.*

In the present case, the jury had to determine whether the two participants in the accident, Dr. McBryde and George Endinger, were negligent. It was the proper function of the jury to consider the conflicting testimony and to resolve the credibility question. The verdict was not contrary to the "clear" weight of the evidence nor was there a miscarriage of justice. We hold therefore that the district court did not abuse its discretion in denying the motion for new trial.

Accordingly, the judgment of the district court is affirmed.