Dingming HONG, Individually and as next friend and guardian ad litem for Oying Hong and Yun Hong, minors, Plaintiffs,

v.

CITY OF ST. LOUIS, et al., Defendants.

No. 87–413–C (4).

United States District Court, E.D. Missouri, E.D.

Oct. 17, 1988.

Lawrence B. Grebel, Brown, James & Rabbitt, St. Louis, Mo., for plaintiffs.

James J. Wilson, Richard L. Constance, St. Louis, Mo., for defendant City of St. Louis.

Wilson Gray, St. Louis, Mo., for defendant Andrew Chandler.

Joseph L. Leritz, Leritz, Reinert & Duree, St. Louis, Mo., for defendant Wilson Mack.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter comes before the Court on plaintiffs' motion for a new trial.

Plaintiff, Dr. Dingming Hong, brought this action individually and on behalf of his minor children against the City of St. Louis and Wilson Mack, d/b/a Black Circle Used Brick Supply and Wrecking Company, Inc., for the wrongful death of his wife and for his own injuries which occurred as a result of an automobile accident. Plaintiff alleged in his complaint that the City of St. Louis negligently placed barricades in the street around an excavation done by defendant Wilson Mack. Plaintiff contended that as a result of this negligence a car crossed the dividing line in the street to avoid the obstruction and collided with plaintiff's car causing his injuries and his wife's death approximately two hours later. Plaintiff also contended that the City knew of the dangerous condition and knew that other accidents had taken place at the same location, but did not take any action to make the street safe.

The cause was duly tried to a jury and the jury found in favor of both defendants. Plaintiff then filed the instant motion for a new trial contending that the Court erred in denying plaintiff's request to have Police Officer Kunkel testify about the removal of the barricades; that the Court erred in denying plaintiff's request to read the applicable City of St. Louis ordinance; that the Court erred in overruling plaintiff's counsel's objection to defendant Mack's cross-examination of plaintiff Dr. Hong concerning plaintiff's position with the government of China; that the Court erred in sustaining the objection of the counsel

for defendant Mack to plaintiff's counsel's statements during closing arguments that this was plaintiff's only day in Court; that the Court erred in overruling plaintiff's counsel's objections to defendant Mack's counsel's closing argument in which defendant Mack's counsel misstated the law and stated that this was not plaintiff's only day in Court; and that the verdict against plaintiff was a result of bias and prejudice caused in part by the improper closing argument of defendant Mack's counsel who argued that plaintiff was Marxist and Communist and that it was unclear whether any money awarded would be kept by plaintiff. Both defendants oppose the motion for a new trial. The defendant City of St. Louis argues that its questions during the trial regarding life in China were relevant to damages because the decedent lived in China and Dr. Hong planned to eventually return to China where his children presently reside.

The authority to grant a new trial is properly within the exercise of discretion of the trial court. *See Leichihman v. Pickwick International, et al.,* 814 F.2d 1263 (8th Cir.1987); *Brown by Brown v. Syntex Laboratories, Inc., et al.,* 755 F.2d 668, 678 (8th Cir.1985); *Fireman's Fund Insurance Company v. Aalco Wrecking Company,* 466 F.2d 179, 185 (8th Cir.1972), *cert. denied,* 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973). When by a judicial balancing the trial court determines that there has been a miscarriage of justice, the Court may order a new trial. *See Cole, et al. v. Williams, et al.,* 798 F.2d 280, 282 (8th Cir.1986); *Brown* at 673; *Fireman's Fund* at 187. The proper standard for determining whether a new trial is necessary is whether or not the verdict is against the weight of the evidence. *See Cole* at 282; *Goldsmith v. Diamond Shamrock Corp.,* 767 F.2d 411, 416 (8th Cir.1985); *Brown* at 673; *Fireman's Fund* at 187. Prevention of injustice is the overriding principle in deciding whether to grant a new trial on the ground that the verdict was against the weight of the evidence. *See Fireman's Fund* at 179.

In determining if a verdict is against the weight of the evidence, the trial court may conduct its own evaluation of the evidence. It may weigh the evidence, disbelieve witnesses, and may grant a new trial even when there is substantial evidence to sustain the verdict. *See Brown* at 673. The Court may conclude that there has been a miscarriage of justice even if substantial evidence supports a verdict. *See Leichihman* at 1267; *Brown* at 673. In this case, the Court finds that there has been a miscarriage of justice and will order a new trial.

The Court believes that the issue of Dr. Hong, his wife and their children's nationality permeated the entire trial. Even though the defendant City of St. Louis' counsel suggested to the jury during *voir dire* that they should not find against plaintiff just because he was not a United States citizen, the Court believes that repeated references to "Marxism" and "Communism" during the trial may have made it impossible for the jury to fairly evaluate the relevant evidence. The Court is not saying that defendants' counsel deliberately set out to prejudice the jury against the plaintiff. However, some of the statements made during the cross-examination of Dr. Hong and during closing arguments could have prejudicially appealed to xenophobic tendencies of the jury. *See Gearhart v. Uniden Corporation of America,* 781 F.2d 147, 153 (8th Cir.1986). For example, counsel for the City of St. Louis asked Dr. Hong on cross-examination, "You're pretty high up in the government over there, aren't you?" This was after it was established that Dr. Hong worked at the Academy of Science doing research. Counsel for defendant Mr. Mack pursued this line of questioning and asked Dr. Hong if the Academy was a governmental institute and since China was a Communist country, didn't the government control everything? Counsel for defendant Mack also asked at one point during the cross-examination of Dr. Hong if there was a limit to the amount of American money a Chinese citizen can

bring into China. Counsel for defendant Mack pursued this line of questioning, trying to elicit from Dr. Hong a comparison of the value of American dollars and Chinese yen.

 Also, during the closing argument of counsel for the defendant City of St. Louis, counsel stated that he didn't know if Dr. Hong would be able to keep the jury award when he returned to China, if he got an award. He also stated that China was a communist country and Dr. Hong was pretty high up in the government and the jury should view the damages in light of Dr. Hong's background. During the closing statement of counsel for defendant Mack, this counsel stated that life in China was the issue in this case because if Dr. Hong collected any money, he was going to take it back to China with him. He also stated that China is a Marxist country and Dr. Hong was a high governmental official who received many free perks from the government. The Court believes that it would have been impossible for the jury to put all of the foregoing out of its collective mind and render an impartial verdict in this situation. Defendants contend that since Mrs. Hong lived and worked in China, these arguments go to damages. The Court disagrees. The Court believes that the monetary value for Mrs. Hong's life and the compensation for Dr. Hong's injuries could have been brought out in a less prejudicial manner, by statistics for example. It should be noted that there was no evidence presented at trial showing that Dr. Hong was either a communist or a high member of the government in China. Furthermore, the Court believes that taken as a whole, these statements were improper and irrelevant to the issue in the case as to whether the defendants were negligent. *See generally, Rojas v. Richardson, et al.,* 703 F.2d 186 (5th Cir.1983). The Court will, therefore, grant plaintiff's motion for a new trial and cautions defense counsel that similar references should not be made at the new trial. Accordingly, for all the above reasons,

IT IS HEREBY ORDERED that plaintiff's motion for a new trial is granted.