**Danny KING and Craig Eytcheson, Appellees,**

v.

**Daniel DAVIS, Dan Routson, Craig Matzke, and Polk County, Appellants.**

**No. 91–3805.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 26, 1992.

Decided Dec. 8, 1992.

Chester Woodburn, III, Des Moines, Iowa, argued, for appellants.

Peter W. Berger, Des Moines, Iowa, argued, for appellees.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and STUART,* Senior District Judge.

HEANEY, Senior Circuit Judge.

Danny King and Craig Eytcheson brought suit in federal district court against Polk County, several of its police officers, the City of Altoona, and several of its police officers under 42 U.S.C. § 1983 and Iowa tort law. They alleged that their constitutional rights were violated by the police officers' use of excessive force, and that the officers' actions constituted a battery. The case was tried to a jury, which returned a verdict in favor of the defendants. After judgment was entered, plaintiffs filed a motion for a new trial, asserting that the verdict was against the great weight of the evidence. The district court granted the motion in part and the defendants appeal.[1] We affirm.[2]

■ In determining whether or not to grant a new trial, a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable. *White v. Pence,* 961 F.2d 776, 780 (8th Cir.1992). Instead, a district judge must carefully weigh and balance the evidence and articulate reasons supporting the judge's view that a miscarriage of justice has occurred. *Id.* at 780–82. A determination that a new trial should be granted on the ground that the verdict is against the weight of the

evidence is entitled to great deference and is reversible only upon a strong showing of abuse. *Id.*

■ In its order the district court discussed its reasons for finding the verdict against the weight of the evidence, including its belief that "no reasonable jury could examine the testimony and evidence and conclude that the police officers' actions were justified or reasonable under the circumstances." *King v. Davis,* No. 89–94–E, slip op. at 11, 1991 WL 441734 (S.D.Iowa Nov. 19, 1991). After a careful review of the record, we find that the district court properly weighed and balanced the evidence and thus did not abuse its discretion in granting a new trial.

The ultimate question is whether the defendant police officers used excessive force in arresting and restraining plaintiffs.[3] Our review of the record reveals extensive evidence of the following facts that support the decision of the district court.

On September 18, 1988, a party was held at the residence of Ronald King, plaintiff King's father. When an argument occurred between plaintiff King and his father, the police were called. The defendant officers soon arrived, Davis, Routson and Matzke from the Polk County police department, and McKeehan and Parker from the Altoona Police Department. At the time defendant Davis arrived, plaintiff King was leaving the party, but was ordered to stop. Plaintiff Eytcheson told the officers that the problem had been resolved and that there was no need for the police. When Eytcheson was unable to comply with Officer Davis's request for identification, he was placed under arrest. While being

---

* The Honorable William C. Stuart, United States Senior District Judge for the Southern District of Iowa, sitting by designation.

1. The district court denied plaintiffs' motion for a new trial with regard to defendants Kirstein, Parker and the City of Altoona. No cross appeal was taken. The defendants we are dealing with on this appeal are Polk County and its officers Davis, Routson, and Matzke.

2. Appellees' motion to dismiss this appeal for lack of jurisdiction is denied.

3. Excessive force claims under 42 U.S.C. § 1983 arising in the context of an arrest must be

analyzed under the Fourth Amendment's reasonableness standard. *Robinson v. City of St. Charles,* 972 F.2d 974, 976 (8th Cir.1992). "As in other Fourth Amendment contexts ... the 'reasonableness' inquiry in an excessive force case is ... whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.... An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable

handcuffed, he was struck in the back and head with a flashlight. He was then placed in the patrol car.

Plaintiff King was also arrested when he attempted to explain the situation. He was handcuffed and placed in a patrol car and immediately began to complain that his handcuffs were too tight and were causing him to lose the feeling in his hands. He began kicking at the car windows and eventually kicked the car into neutral, causing it to roll backwards into another patrol car. The defendant officers became upset, removed King from the car, struck him on the upper part of his body and hog-tied him. While he was hog-tied, he was kicked and struck with flashlights several times.[4] After witnessing what was happening to King, Eytcheson began kicking at the patrol car window. He was then removed from the car, struck with fists and flashlights, and kicked by the defendants, after which he was hog-tied. Both plaintiffs were then separately transported to the Polk County police station.

The testimony of a dozen witnesses at trial supports all or most of the above description of that evening's events. Had the only complaint of the plaintiffs been that the defendant officers placed the handcuffs on too tightly, a new trial would not be warranted. But given the extensive evidence, including the testimony of defendants themselves, of the beatings suffered by King and Eytcheson at the hands of the officers, we feel that the district court was well within its discretion in granting a new trial.

The order of the district court is affirmed.

---

use of force constitutional." *Id.* (quoting *Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989)).

**4.** Defendant officers admitted that if a person was hit and struck while hog-tied, that would constitute excessive force.