991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry BOYLE, Plaintiff-Appellee,
v.
MANNESMANN DEMAG CORPORATION, Defendant-Appellant.
 No. 91-3909.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1993.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and GILMORE, Senior District Court Judge.*
 PER CURIAM.
 
 
 1
 Defendant Mannesmann Demag Corporation appeals from the jury verdict for plaintiff Harry Boyle in this suit brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34. Finding error in the admission of irrelevant evidence, we REVERSE.
 
 I.
 
 2
 Plaintiff's case was tried before a jury, which returned a verdict for plaintiff. Prior to trial, defendant filed motions in limine objecting to plaintiff's evidence concerning the terminations of other district managers, certain age-related statements, and the German-American exchange rate; all of which were denied. Further, at the close of all the evidence, defendant brought a motion for directed verdict, which the district court also denied. On appeal, defendant challenges the admission of this evidence and the denial of its directed verdict motion.
 
 II.
 
 3
 We review evidentiary rulings of the district court for an abuse of discretion, which "exists when the reviewing court is firmly convinced that a mistake has been made." Schrand v. Federal Pacific Electric Co., 851 F.2d 152, 157 (6th Cir.1988). If evidentiary errors affected the substantial rights of appellant, they are prejudicial and warrant a new trial. Id. The errors in this case were prejudicial; therefore, we reverse for new trial.
 
 A. Preservation of Evidentiary Issues
 
 4
 As a preliminary matter, we must address plaintiff's argument that defendant failed to preserve its evidentiary arguments by not renewing its objections at trial. Generally, evidentiary arguments are waived when a motion in limine is denied prior to trial and no further objection to that denial is made. Polk v. Yellow Freight System, Inc., 876 F.2d 527, 532 (6th Cir.1989); Petty v. Ideco, 761 F.2d 1146, 1150 (5th Cir.1985); Northwestern Flyers, Inc. v. Olson Bros. Mfg. Co., 679 F.2d 1264, 1275 n. 27 (8th Cir.1982). However, a review of the record reveals that at the pre-trial hearing on the motions in limine, the district court led defendant to believe that the motions in limine were sufficient to preserve the record and that it need not restate them at trial. J.A. at 189. We conclude that, in this limited circumstance, defendant's objections are properly before this court despite the failure to object at trial.
 
 B. Testimony Relating to Prior Terminations
 
 5
 On direct examination, plaintiff introduced testimony by Lawrence Dickman and Robert Fetick concerning their prior employment with defendant, their ages at the time of termination, and their work performance. Trial Transcript Vol. 2 at 71-78, 112-14. Additionally, on cross-examination of John Kurowski, General Sales Manager at the time of the termination, plaintiff explored the terminations of Dickman, Fetick, and William Petrucelli. J.A. at 275-79. Defendant objects to the testimony as irrelevant and unduly prejudicial.
 
 
 6
 Plaintiff responds that defendant has waived any objection because defendant initially raised the issue of whether the terminations were based on age and also stipulated to Plaintiff's Exhibit 41-A which contained information relating to their testimony. We disagree.
 
 
 7
 First, it was plaintiff who initially raised the issue of past instances of age discrimination, not defendant. By asking Dickman and Fetick on direct how old they were at the time of their terminations, plaintiff created the inference that age was the true reason for their terminations. Defendant's inquiry of Fetick whether he believed that age was a factor in his termination came on cross-examination. Trial Transcript Vol. 2 at 127-28. Inferences raised on direct examination are clearly proper subjects for cross-examination. See United States v. Moore, 917 F.2d 215, 222 (6th Cir.1990), cert. denied, 111 S.Ct. 1590 (1991); United States v. Arnott, 704 F.2d 322, 324 (6th Cir.), cert. denied, 464 U.S. 948 (1983). See also Charles T. McCormick, McCormick on Evidence 143 (Edward W. Cleary ed., 3d ed. 1984). Defendant did not ask similar questions of Dickman. Further, it was plaintiff who explored the termination of Petrucelli on cross-examination of Kurowski, not defendant. J.A. at 275-79. Defendant is not precluded from objecting to this testimony.
 
 
 8
 Second, the stipulation to Exhibit 41-A does not preclude defendant's objections. This exhibit lists the names, addresses, sales territory, dates of employment, ages at termination, and the reasons for termination of ten managers including Dickman and Petrucelli, but not Fetick. J.A. at 1279-80. It does not address whether age was a secret factor in the terminations listed. Thus, we are free to reach the admissibility of the testimony.
 
 
 9
 Such testimony is irrelevant under Federal Rule of Evidence 401[1] where there is "no evidence from which the alleged statements of the witnesses could logically or reasonably be tied to the decision to terminate [the plaintiff]." Schrand v. Federal Pacific Electric Co., 851 F.2d 152, 156 (6th Cir.1988). Additionally, such evidence is unduly prejudicial under Federal Rule of Evidence 403[2] because it confuses the jury as to the actual issue in the case. Id. Fetick, Dickman, and Petrucelli were terminated in 1983 during defendant's reorganization, making their terminations remote in time and circumstances from plaintiff's termination. Thus, the testimony was irrelevant and inadmissible.
 
 
 10
 C. Testimony Concerning Age-Related Statements
 
 
 11
 Defendant also objects to testimony by Fetick that, in 1981, William Persch, a general manager for defendant, directed him to hire another job applicant because he was "younger and hungrier." Fetick also testified that in 1983 Kurowski said that the company had "too many old farts."
 
 
 12
 Such comments are inadmissible because they "are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination." Chappell v. GTE Products Corp., 803 F.2d 261, 268 n. 2 (6th Cir.1986), cert. denied, 480 U.S. 919 (1987). See McLaurin v. Fischer, 768 F.2d 98, 104 (6th Cir.1985) (age-related statement excluded as irrelevant). In the present case, Persch was not involved in plaintiff's termination; thus, his statement was irrelevant. Furthermore, although Kurowski did approve plaintiff's termination, his statement was made four years prior to plaintiff's discharge. Thus, both statements were irrelevant.[3]
 
 D. Testimony Regarding the Exchange Rate
 
 13
 Plaintiff also introduced evidence about the effect of the exchange rate between the United States dollar and the German deutsche mark on sales of defendant's products. Plaintiff argued that an exchange rate favorable to the German deutsche mark resulted in reduced sales in the United States, which led to his poor sales results. Defendant challenges the evidence as irrelevant and prejudicial. We agree.
 
 
 14
 Even if we assume that the exchange rate did affect sales, the evidence was still irrelevant because it could not have had a greater negative impact on plaintiff than any other Demag employee in the United States. Thus, it does not show that plaintiff's situation was different from any other Demag employee at the time nor does it show any difference between sales territories.
 
 
 15
 Furthermore, repeated references to a party's citizenship or nationality can be unduly prejudicial to that party. See Gearhart v. Uniden Corp. of America, 781 F.2d 147 (8th Cir.1986) (on retrial, remarks relating to Far Eastern parent corporations should not be permitted because of xenophobia and because wealth of parent corporations is irrelevant to issues of case); Hong v. St. Louis, 698 F.Supp. 180 (E.D.Mo.1988) (new trial granted because repeated references to the plaintiff's Marxist and communist interests and involvement in the Chinese government prejudiced the jury). Any relevance of the exchange rate evidence was outweighed by similar jury prejudice and confusion based on the repeated references to defendant's Germanic origins.
 
 E. Denial of Directed Verdict
 
 16
 Defendant also argues that the district court improperly denied its motion for a directed verdict. We are without authority to grant the motion, however, because defendant failed to move for judgment notwithstanding the verdict. "The failure to move for a judgment n.o.v. precludes the appellate court from considering the sufficiency of the evidence and ordering the district court to enter a directed verdict." Howard v. Kerr Glass Mfg. Co., 699 F.2d 330, 332 (6th Cir.1983). See also Aquionics Acceptance Corp. v. Kollar, 536 F.2d 712, 713 (6th Cir.1976); Union News Co. v. Hildreth, 295 F.2d 658, 667 (6th Cir.1961). Thus, we do not address defendant's request for directed verdict.
 
 
 17
 For all the foregoing reasons, we REMAND for new trial.
 
 
 18
 GILMORE, Judge, concurring in part and dissenting in part:
 
 
 19
 I concur with sections II A and II E of the majority opinion, but respectfully dissent from sections II B, II C, and II D.
 
 
 20
 With reference to section II B, the Defendant is correct that testimony regarding discrimination in the circumstances of other employees' terminations, where those terminations are remote in time and circumstance to Plaintiff's termination, are not properly admitted into evidence. Schrand v. Federal Pacific Electric Co., 851 F.Ed 152 (6th Cir.1988), so holds. However, Schrand is distinguishable from this case. The witnesses did not claim they were terminated because of age, and although Dickman, Fetick and Petrucelli all stated their age and the circumstances surrounding their termination, Defendant admits that none of them offered testimony that they were discriminated against because of age. I think this simple fact defeats Defendant's claim of error.
 
 
 21
 Defendant argues that the testimony of these three people nonetheless created the presumption they were discriminated against based upon age. Although I do not believe such an inference can form a legitimate basis for exclusion, and even were the court to accept Defendant's argument, there are other factors that distinguish this case from Schrand so that the testimony is properly admissible.
 
 
 22
 The Court in Schrand based its decision partly on the fact that the person who made the decision to terminate the other employees was not the same person who made the decision to terminate the Plaintiff. Here, the same person, Kurowski, was responsible for all of the terminations. In addition, the Court found it important that the plaintiff in Schrand expressly stated he was not attempting to establish a pattern or practice of discrimination, but only disparate treatment.
 
 
 23
 The trial court here considered Schrand and distinguished the case and made a specific finding of relevancy based upon the fact that Kurowski, the same person who fired Dickman, Petruceli and Fetick, also terminated Plaintiff. The trial court distinguished the present situation from Schrand because Plaintiff proffered evidence of a pattern and practice of discrimination. This evidence was clearly probative of Plaintiff's theory that Defendant's reorganization in 1983 was an attempt to eventually eliminate all older workers, including Plaintiff, who was given an underdeveloped territory at that time and was later replaced by Kurowski's protege. I therefore think the finding of the trial court that the probative evidence of prior terminations was not outweighed by the danger of unfair prejudice was correct.
 
 
 24
 With reference to Section II C and the testimony concerning age-related statements, I feel that is no basis for reversal. I do not agree with the characteristic of Kurowski's comment as a "stray remark." The remark contains a clear age bias that I believe is highly probative of the decision-maker's motivation in making firing decisions. Moreover, those cases indicating stray remarks are insufficient to prove discrimination do not indicate that such remarks are inadmissible, nor do they indicate that such remarks in conjunction with other evidence would necessarily fail to support a finding of discrimination. Clearly, in my opinion, there is no error in admitting these statements.
 
 
 25
 With reference to Section II D and the testimony regarding the dollar and deutschmark exchange rate, I see nothing to Defendant's argument that reference to the exchange rate between the deutschmark and the dollar is irrelevant. Defendant's own documents constitute admissions that the exchange rate impacted upon costs, and it would be hard to argue that costs did not then impact upon sales.
 
 
 26
 Plaintiff attempted to prove that his 1987 termination for "poor performance" was pretextual by showing his low Orders Received Objective percentage was a result of the change in the exchange rate and not the result of his own incompetence. This exchange rate and not the result of his own incompetence. This evidence, I think, was clearly admissible.
 
 
 27
 The claim that the evidence of the difference in the exchange rate was unfairly prejudicial because it inflamed the passion of the jury against foreign corporations and our World War II foe is without merit. I don't think it even deserves consideration. Even so, the trial court screened out any potential prejudice on voir dire when the judge carefully explained Defendant's German ownership and asked the jurors whether they could not give Defendant a fair trial because of these foreign roots. Not one juror raised his hand. In sum, I think there is no merit in Defendant's claim of error in the admission of the exchange rate evidence. It was clearly not an abuse of discretion for the trial court to admit this relevant evidence.
 
 
 28
 For these reasons, I respectfully dissent from Sections II B, II C and II D, and would vote to affirm the District Court.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 
 
 [2]
 Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...."
 
 
 [3]
 The dissent posits that "those cases indicating stray remarks are insufficient to prove discrimination do not indicate that such remarks are inadmissible...." However, we have held repeatedly that such remarks are irrelevant and unduly prejudicial. As such, they must be excluded. See Gangne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 314 (6th Cir.1989) (solitary remark by supervisor that he "needed younger blood" was irrelevant and prejudicial, as well as simply insufficient to prove age discrimination) (quoting Chappell, 803 F.2d at 268 n. 2 (statements regarding young people taking over in management and indicating a negative view of "old-timers" held irrelevant and unduly prejudicial)); Schrand v. Federal Pacific Electric Co., 851 F.2d 152, 155-56 (6th Cir.1988) (comments that employees were "too old" held irrelevant and unduly prejudicial); McLaurin, 768 F.2d at 104 (isolated statement regarding the "young men whom we would like to attract" held irrelevant to issue of age discrimination). See also Haskell v. Kaman Corp., 743 F.2d 113, 120 (2d Cir.1984) (references to "old ladies" and to "young turks" held irrelevant and unduly prejudicial)