James **BUKOWSKI** and Marcelin **Bukowski, Plaintiffs,**

v.

**GEO. A. HORMEL & COMPANY and Algona Food Equipment Co., Defendants.**

Civ. No. 4–91–CV–20529.

United States District Court, S.D.Iowa, Central Division.

July 28, 1994.

Randall Stravers, M.H. Pothoven and Paul Seigfried, for plaintiffs.

Richard Bauerle, for defendants.

## RULING ON PLAINTIFFS' MOTION FOR NEW TRIAL

BREMER, United States Magistrate Judge.

The court has before it Plaintiffs' resisted motion for new trial pursuant to Federal Rule of Civil Procedure 59. The trial commenced on April 26, 1994, and the jury returned its verdict on May 6, 1994. The verdict was favorable to Defendants because Plaintiff James Bukowski's employer was found to be the sole proximate cause of his injuries.

Plaintiffs raise three issues in support of their motion for new trial: first, that the jury verdict returned in favor of the Defendants is contrary to the weight of the evidence; second, that the court's instructions on the issues of (a) sole proximate cause and, (b) strict products liability were in error; and third, that defense counsel made prejudicial remarks during closing argument. Defendants resist the motion. Argument was heard on June 15, 1994. This matter is fully submitted.

## STANDARD FOR GRANTING MOTION FOR NEW TRIAL

A motion for new trial may be granted solely at the discretion of the court when the verdict is against the weight of evidence. Fed.R.Civ.P. 59; *King v. Davis*, 980 F.2d 1236, 1237 (8th Cir.1992). This gives the court the opportunity to prevent a miscarriage of justice. *Id.* Similarly, a court may grant a new trial when erroneous rulings or other problems arise at trial. *Hong v. City of St. Louis*, 698 F.Supp. 180 (8th Cir.1988). This gives the court the occasion to correct mistakes locally, without the time and expense associated with appeal. *Id.*

In considering a motion for new trial, the court is under the duty to defer to the jury's findings unless doing so would constitute a miscarriage of justice. *McBryde v. Carey Lumber Co.*, 819 F.2d 185, 189 (8th Cir.1987). However, when considering a motion for new trial pursuant to Federal Rule of Civil Procedure 59, the court is free to make independent evaluations of the credibility of

witnesses and evidence. *White v. Pence*, 961 F.2d 776, 782 (8th Cir.1992). "[W]here there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962).

## I. WHETHER THE JURY VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.

In determining whether or not to grant a new trial, the court is not free to order a new trial merely because it disagrees with the verdict, finds that other results are more reasonable or believes the jury could have drawn other conclusions. *King*, 980 F.2d at 1237. The court must carefully weigh and balance the evidence and, upon a determination that a miscarriage of justice has occurred, present reasons to support of that finding. *Id.*

■ Plaintiffs argue that the verdict is against the weight of the evidence because there was testimony that the accident could not have occurred "but for" Defendants' modification of the PAD–10 deboning machine. Therefore, Plaintiffs argue, any verdict holding that a third-party was the sole proximate cause is clearly erroneous, and a miscarriage of justice.

The jury found that the sole proximate cause of the accident was the action of Excel Corporation, Plaintiff James Bukowski's employer. Defendants alleged, and the jury found, Excel was the sole proximate cause because it removed the safety guards and deterred the use of the guards or safe operating methods. The jury returned this verdict after it heard all the testimony, including that which allegedly showed that the accident would have not occurred without Defendants' modification of the PAD–10 machine, as well as evidence of the unsafe manner which Excel allowed the machine to operate. Even if the jury agreed with Plaintiffs' experts that Defendants were a "but for" cause of the accident, the jury did not necessarily have to find that Defendants were a substantial factor contributing to Plaintiffs' injuries. This

view is supported by evidence presented at trial.

■ Plaintiffs argue that if one is a "but for" cause of an event, one must also be a proximate cause of that event. Under Iowa law, however, proximate cause consists of two elements: (1) party must be a "but for" cause, *and* (2) a substantial factor contributing to the accident. *Pederson v. Kuhr*, 201 N.W.2d 711 (Iowa 1972), *cited with approval in Johnson v. Junkmann*, 395 N.W.2d 862, 865 (Iowa 1986).

In order to rule in favor of Plaintiffs, it would be necessary for this court to set aside the jury finding simply because the jury could have found differently. This is not an alternative open to the court. *King*, 980 F.2d at 1237. The court is under a duty to defer to the findings of the jury, unless doing so would result in a "miscarriage of justice", which is not the case here. *McBryde*, 819 F.2d at 189. Because the jury verdict is not against the weight of evidence, Plaintiffs' motion for a new trial based upon the jury's verdict that the employer was the sole proximate cause is denied.

## II. WHETHER THE JURY INSTRUCTIONS ON PROXIMATE CAUSE AND PRODUCTS LIABILITY WERE IN ERROR.

### A. *Whether the instruction on the issue of sole proximate cause was in error.*

■ Plaintiffs argue that instructing the jury on the issue of sole proximate cause defense was prejudicial error. The affirmative defense of sole proximate cause has long been recognized under Iowa law. *Chumbley v. Dreis & Krump Mfg. Co.*, No. 3–259/92–1273, slip op. at 4 (Iowa Ct.App. Aug. 6, 1993) (to be published), *cert. denied*, No. 92–1273 (Iowa Oct. 1, 1993); *Sponsler v. Clarke Elec. Coop.*, 329 N.W.2d 663, 665 (Iowa 1983); *Johnson v. McVicker*, 216 Iowa 654, 658, 247 N.W. 488, 490 (1933).

Additionally, Plaintiffs object to the instruction given on sole proximate cause because the result of this defense bars Plaintiff from any recovery in addition to that which he has received under Iowa's workers' compensation laws. *See* Iowa Code ch. 85 (1989).

The basis of the sole proximate cause defense is that some other actor or force (whether or not a party) is the only proximate cause of an accident, therefore all others are insulated from liability. *Johnson v. Interstate Power Co.*, 481 N.W.2d 310 (Iowa 1992). This is a rational framework for a jury's analysis of a tort case.

This case is very similar to *Chumbley*, where the employer neither used, nor instructed plaintiff on the use, of a press brake safety device that would have prevented his injury. Plaintiffs in the present case, as in *Chumbley*, assert that this defense is inapplicable where the entity alleged to be the sole proximate cause is immune from suit under Iowa's workers' compensation laws. The *Chumbley* court held that the sole proximate cause defense " 'is available even when a third party alleged to be responsible for the injury is not joined in the case.' " *Chumbley*, No. 3–259/92–1273, slip op. at 6 (quoting *Sponsler*, 329 N.W.2d at 665). A defendant should not be denied the ability to assert this defense because other factors preclude or restrict plaintiffs' recovery from the sole proximate cause.

Plaintiffs also argue that the sole proximate cause defense is simply a means to circumvent the application of comparative fault as provided by Iowa Chapter 668. However, the Iowa Supreme Court has held that "[s]ole proximate cause is not a comparative fault defense, because proof of sole proximate cause insulates a defendant from liability. In these circumstances, the fault of a defendant cannot be a proximate cause of plaintiff's injuries." *Johnson*, 481 N.W.2d at 323–24.

The Court finds that the sole proximate cause defense was available to the Defendants in this case. *See Sponsler*, 329 N.W.2d at 665. The court correctly instructed the jury as to the relevant Iowa law regarding sole proximate cause. The theory of Plaintiffs' employer as the sole proximate cause recognizes that Defendant might make similar arguments about the acts of the employer as it will about some of the individual parties when it discusses their fault. Had the jury gotten past the issue of sole proximate cause and considered allocation of fault, Defendants were entitled to argue about the acts of Plaintiff's co-employees, any party who settled prior to trial, or Plaintiff James Bukowski, all of whom are listed later in the verdict forms in addition to defendants. There are instructions explaining how all the actors fit into the causation and fault equations. When the instructions are taken as a whole, however, all of these various theories, relationships and burdens of proof are adequately explained to the jury. *Wilson v. Jotori Dredging, Inc.*, 999 F.2d 370, 371 (8th Cir.1993). The concept of sole proximate cause is no more difficult to comprehend and apply than the requirement that Defendants establish the gross negligence of Plaintiff's co-employees before fault could be attributed to them. The Court finds that Instruction No. 27 (Iowa Uniform Civil Jury Instruction 700.4) was not given in error. Accordingly, Plaintiffs' motion for new trial based upon the instruction on sole proximate cause is denied.

**B.  *Whether the court erred by ruling strict product liability did not apply to Defendants.***

■  Plaintiffs argue that the court erred in ruling as a matter of law that Defendants could not be held strictly liable because they were not engaged in "selling" the PAD–10 machines, and thus did not instruct on products liability.

Iowa adopted the Restatement theory of strict product liability in *Hawkeye–Security Insurance Co. v. Ford Motor Co.*, 174 N.W.2d 672, 684 (Iowa 1970). The Restatement (Second) of Torts section 402A (1965) states in part:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for the physical harm thereby caused to the ultimate user or consumer, or to his property, if:

(a) The seller is engaged in the business of selling such a product, and

(b) It is expected to and does reach the user or consumer without substantial changes in the condition in which it is sold.

Defendants modified the PAD–10 deboning machines for Hormel's use, and then Hormel

sold them to Excel, James Bukowski's employer, as part of the sale of Hormel's entire plant. Defendant Algona Food Equipment Company performed some of the maintenance and modifications on the equipment for Hormel and Excel. Plaintiffs contend that the modifications and sale of the equipment are sufficient to establish that Defendants were "sellers" within the meaning of section 402A.

Plaintiffs' proposition that Defendants were "sellers" of the PAD–10 deboning machine is not supported by the evidence or the law. Restatement section 402A does not apply to individuals who make one-time sales of a product. Restatement (Second) of Torts § 402A cmt. f (1965). Specifically, comment f of the Restatement (Second) of Torts section 402A (1965) provides that:

> [t]he rule does not, however, apply to the occasional seller ... who is not engaged in that activity as part of his business. Thus it does not apply to the housewife who, on occasion, sells to her neighbor a jar of jam or a pound of sugar. Nor does it apply to the owner of an automobile who, on occasion, sells it to his neighbor, or even sells it to a dealer in used cars, and this even though he is fully aware that the dealer plans to resell it.

Although the Iowa courts have not directly held what it means to be "engaged in the business of selling" a product, they have affirmed the Restatement's exceptions outlined in comment f to section 402A. *See Bingham v. Marshall & Huschart Mach. Co., Inc.,* 485 N.W.2d 78, 79 (Iowa 1992) (adopting comment f to define the term "seller"). Additionally, other jurisdictions have also followed the exceptions summarized in comment f. *See Nolan v. Prime Tanning Co. Inc.,* 871 F.2d 76 (8th Cir.1989) (applying Missouri state law); *Wright v. Newman,* 735 F.2d 1073 (8th Cir.1984) (same).

▬ The Court finds that, the "occasional seller" exception to strict product liability exists under Iowa law. The question is whether or not this exception is supported by the facts of this case. Clearly, Defendant Hormel was only an occasional seller. Defendant Hormel sold the machine to Excel as part of a *one time sale* of its entire plant, just like the one time sale of the automobile in the example discussed in Comment f. Defendant Algona was never an owner of the machine, and only performed maintenance or modifications under the directions of others. It was not error to rule that the theory of strict product liability did not apply. Accordingly, Plaintiffs' motion for new trial on this issue is denied.

## III. WHETHER DEFENSE COUNSEL'S STATEMENT DURING CLOSING ARGUMENT WARRANTS A NEW TRIAL.

▬ Plaintiffs allege that defense counsel made inappropriate statements during closing arguments, in which defense counsel indicated to the jury that by finding that the employer was the sole proximate cause of Plaintiffs' injuries they could then go home.

In order for this court to grant a new trial based on the statements of defense counsel in argument, such statements must be "highly prejudicial and a blatant appeal to jury bias." *Rojas v. Richardson,* 703 F.2d 186, 193 (5th Cir.1983); *see Hong,* 698 F.Supp. at 182. Plaintiffs have failed to establish that the statements during the closing arguments in this case were "highly prejudicial" or amounted to an "appeal to jury bias."

Additionally, Plaintiffs' counsel failed to object to the statements at the time they were made. A party may not "remain silent, interpose no objections, and after a verdict has been returned seize for the first time on the point that the comments to the jury were improper and prejudicial." *Winchmann v. United Disposal, Inc.,* 553 F.2d 1104, 1106 (8th Cir.1977) (quoting *United States v. Socony–Vacuum Oil Co.,* 310 U.S. 150, 238–39, 60 S.Ct. 811, 851, 84 L.Ed. 1129 (1940)). The reason for this rule is "[w]hen counsel oversteps the bounds of proper argument, proper steps should be taken to make the event of record while the matter is fresh in everyone's mind and the trial court is given opportunity to take whatever steps are possible." *Vachon v. Broadlawns Medical Found.,* 490 N.W.2d 820, 825 (Iowa 1992). Because defense counsel's statements were not highly prejudicial and because Plaintiffs failed to

**55**

preserve error on this issue, Plaintiffs' motion for new trial based on statements made during closing arguments is denied.

## CONCLUSIONS

For the reasons outlined above, Plaintiffs are not entitled to a new trial. Their motion is DENIED.

IT IS SO ORDERED.